**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

---

|  |  |  |
|---|---|---|
| DARRELL A. BRITTINGHAM | : | |
| | : | |
| vs. | : | |
| | : | **CASE NO.:** AMD-02CV4055 |
| JOSEPH E. McGEENEY, CHARLES GREENE, | : | |
| JOHN HEDDINGER and TOWN COUNCIL OF | : | |
| CENTREVILLE, INC. | : | |
| | : | |

---

**O R D E R**

---

It is this _____day of _____ , 2003, by the

United States District Court  for the District of Maryland, ORDERED:

1. That the Motion of Defendants Joseph A. McGeeney and the Town Council of Centreville,

Inc., to Dismiss Counts I-VIII for Failure to State a Claim Upon Which Relief May Be Granted be,

and hereby is, GRANTED;

2. That Counts I- VIII, and all claims asserted against Defendants Joseph A. McGeeney and

the Town Council of Centreville, Inc. be, and hereby are, DISMISSED WITH PREJUDICE/WITHOUT

PREJUDICE and with leave to file an amended complaint no later than _____ days from the date

hereof; and,

3.   That the Clerk of the Court shall transmit notice of this order to all persons entitled to

such notice.

**BY ORDER OF THE COURT:**

_____

Andre M. Davis
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DARRELL A. BRITTINGHAM | : |  |
| | : | |
| vs. | : | |
| | : | **CASE NO.**: AMD-02CV4055 |
| JOSEPH E. McGEENEY, CHARLES GREENE, | : | |
| JOHN HEDDINGER and TOWN COUNCIL OF | : | |
| CENTREVILLE, INC. | : | |
| | : | |

## MOTION OF DEFENDANTS JOSEPH E. McGEENEY AND
## TOWN COUNCIL OF CENTREVILLE, INC.TO DISMISS COUNTS I-VIII FOR
## FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Two of the Defendants, Officer Joseph E. McGeeney and the Town Council of Centreville, Inc., by Michael T. Hamilton, Esquire, his attorney, move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Counts I-VIII of the Complaint, and state as follows:

1. The Complaint fails to state a claim against Defendants upon which relief can be granted.

2. At all times pertinent hereto, Officer Joseph McGeeney was a member of Maryland state personnel under the meaning of the Maryland Tort Claims Act, and was acting within the scope of the public duties of his employment. He is immune from Plaintiff's state law claims pursuant to the Maryland Tort Claims Act.

3. Plaintiff has failed to state a claim against the Town Council of Centreville,Inc. for violation of Constitutional rights pursuant to 42 U.S.C. 1983 as a result of a municipal policy or custom.

4. Plaintiff failed to allege compliance with the condition precedent set forth in the Maryland Tort Claims Act.

5. Plaintiff failed to comply with the condition precedent set forth in the Maryland Tort Claims Act.

6. Defendants are entitled to federal and state qualified immunity from suit and liability.

7. Defendants are not liable for punitive damages.

WHEREFORE, Defendant s Officer Joseph E. McGeeney and the Town Council of Centreville, Inc., respectfully request that this Court dismiss Counts I-VIII and all of the claims against them with prejudice, and for costs.

Respectfully Submitted,

**MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.**

BY: _____

**Michael T. Hamilton, Esquire**
The Bonaparte Bldg.
8 E. Mulberry Street
Baltimore, MD 21202-2105
**(410) 385-8335**

**Attorney for:** Defendants,
Joseph E. McGeeney and
Town Council of Centreville, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARRELL A. BRITTINGHAM | : | |
| | : | |
| vs. | : | |
| | : | **CASE NO.**: AMD-02CV4055 |
| JOSEPH E. McGEENEY, CHARLES GREENE, | : | |
| JOHN HEDDINGER and TOWN COUNCIL OF | : | |
| CENTREVILLE, INC. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS
McGEENEY AND TOWN COUNCIL OF CENTREVILLE, INC. TO
DISMISS COUNTS I-V FOR FAILURE TO STATE
A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Two of the Defendants, Joseph E. McGeeney and Town Council of Centreville, Inc., by Michael T. Hamilton, their attorney, move, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Counts I-V of the Complaint, and in support thereof, state as follows:

**INTRODUCTION AND FACTS:**

On December 13, 2002, Plaintiff Darrell A. Brittingham (Plaintiff), through counsel, filed his Complaint in the United States District Court for the District of Maryland.  The Complaint, pursuant to 42 U.S.C. 1983, names in their individual and official capacities, Town of Centreville Police Officer Joseph McGeeney, Queene Anne's County Deputy Sheriffs Charles Greene and John Heddinger, and the Town Council of Centreville as defendants, and sets forth claims of federal constitutional violations pursuant to the Fourth and Fourteenth Amendments.  Plaintiff's Complaint also includes claims of state constitutional violations (Counts IV and V), assault and battery (Counts VI and VII), false arrest (Count VIII), false imprisonment (Count IX), malicious prosecution (Count X), negligence (Count XI), *respondent superior* against the Town Council of Centreville (Count XII), and negligent hiring, retention and supervision against the Town Council of Centreville(Count XIII).  All claims arise from Brittingham's arrest on December 19, 1999, and the alleged use of excessive force during the course of the arrest.  As relief, Brittingham seeks, *inter alia*, both compensatory

and punitive damages. Defendants Joseph E. McGeeney and Town Council of Centreville, Inc. now move to Dismiss.

## MOTION TO DISMISS:

The objective of Rule 12 of the Federal Rules of Civil Procedure is to expedite and simplify the pretrial phase of federal litigation while at the same time promoting the just disposition of cases. Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure:* Civil 2d Sec. 1342, at 161. The purpose of Rule 12 (b) is to promote the expeditious and simultaneous presentation of defenses and objections. Id. Sec. 1355, at 291-92. The purpose of such motion is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. Id Sec. 1356, at 294; see also Spell v. Mc. Daniel, 591 F.Supp. 1090, 1099 (E.D. N.C. 1984), aff'd in part, vacated and remanded in part, 824 F.2d 1380 (4th Cir. 1987), cert. denied sub nom. City of Fayetteville v. Spell, 484 U.S. 1027 (1988). When ruling on a 12 (b)(6) motion, the court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's factual allegations, as well as all reasonable inferences therefrom, as true. See, Mylan Labs., Inc. v. Matkari, 7 F.3d 1130 (4th Cir. 1983). In addition, because the court is testing the legal sufficiency of the claims, the court is not bound by the plaintiff's legal conclusions. Randall v. United States, 30 F.3d 518 (4th Cir. 1995); Labram v. Havel, 43 F.3d 918 (4th Cir. 1995).

I. **OFFICER JOSEPH McGEENEY IS IMMUNE FROM PLAINTIFF'S FEDERAL CLAIMS UNDER THE DOCTRINE OF QUALIFIED IMMUNITY AS HE WAS ACTING AS A GOVERNMENT OFFICIAL AT ALL TIMES PERTINENT TO THIS LAWSUIT**

A. **Plaintiff's Claims Must Be Analyzed Within the Framework of a Qualified Immunity Analysis**

Under the doctrine of qualified immunity, government officials performing discretionary functions are generally granted a qualified immunity and are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Wilson v. Layne, 526 U.S. 603, 119 S.Ct.

1692. quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 102 S.Ct. 2727.    The Supreme Court has extended qualified immunity generously, imposing a heavy burden on plaintiffs to establish liability. <u>Malley v. Briggs</u>, 475 U.S. 335, 106 S.Ct. 1092.  This policy is justified on a variety of grounds, not the least of which is a fear that personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.  <u>Anderson v. Creighton</u>, 483 U.S. 635, 107 S. Ct. 3034.  Qualified immunity for individual officers revolves around a two-part inquiry involving: 1) the nature of the constitutional or statutory right at issue, and 2) the reasonableness of the law enforcement official's conduct. <u>Anderson v. Creighton</u>, 483 U.S. 635, 107 S.Ct. 3034.  To overcome qualified immunity, a plaintiff must first allege the violation of a clearly established constitutional or statutory right.  <u>Anderson</u> .  Second, if the right is clearly established, qualified immunity will only be denied if a reasonable official should have known that the challenged conduct violated that established right.  <u>Harlow</u> .

It is undisputed that Officer Joseph McGeeney was at all times relevant to this lawsuit acting in his official capacity as a police officer for the Centreville Police Department.  As an Officer, he is in fact classified as a government official, and has been classified as a government official at all times relevant to this lawsuit.  Accordingly, Officer McGeeney's actions and Plaintiff's claims must be examined within the framework of a qualified immunity analysis.

### B.  Plaintiff's  Fourth Amendment Claims Pursuant to 42 U.S.C. 1983 Must Fail as Probable Cause Existed to Arrest Plaintiff and Plaintiff Has Therefore Not Asserted the Violation of a Constitutional Right

#### (1.)    Plaintiff's Claim For Unlawful Arrest

##### (a.)    Probable Cause

Section 1983 of Title 42 of the United States Code renders liable anyone who, acting under color of law, deprives another of any of his or her rights, privileges, or immunities secured by the Constitution.  Section 1983 is not itself a source of substantive rights, but instead, is a method for vindicating federal rights elsewhere conferred.  <u>Albright v. Oliver</u>, 510 U.S. 266 (1994).    The constitutional right implicated by Plaintiff's claims is the Fourth Amendment's prohibition against

unreasonable searches and seizures.  Plaintiff's claims will therefore be evaluated  by reference to the Fourth Amendment.

To establish that his seizure was unreasonable, Plaintiff must demonstrate that his arrest was made without probable cause.  Dunaway v. New York, 442 U.S. 200 ( 1979); See, for example, Porterfield v. Lott, 156 F.3d 563, (4th Cir. 1998).    Probable cause is determined from the totality of the circumstances known to the officer at the time of the arrest.  United States V. Garcia, 848 F.2d 58 (4th Cir. 1988).  For probable cause to have existed, there need be only enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed.  Wong Sun v. United States, 371 U.S. 471 (1963).  Probable cause requires more than bare suspicion but requires less than evidence necessary to convict.  Porterfied, 156 F.3d at 569.

Plaintiff's complaint clearly states that there was probable cause to arrest and detain him.  Plaintiff's complaint concedes that he was convicted of disorderly conduct and speeding, and that he did in fact resist arrest.  ( Exhbit A-Paragraphs 19,24).  Given that Plaintiff was in fact convicted of disorderly conduct, and that Plaintiff admits in his own complaint that he resisted arrest, Plaintiff's complaint simply does not allege facts which allege that there was no reasonable belief on behalf of Officer McGeeney that Plaintiff had committed or was committing the offenses of negligent driving, hindering arrest, resisting arrest and driving while intoxicated.  Accordingly, Plaintiff has not alleged the violation of his fourth amendment right to unreasonable seizure, and his claims for false arrest/false imprisonment should be dismissed for failure to state a claim upon which relief may be granted.

### (2.)    Plaintiff's Excessive Force Claim

 The Supreme Court, in Graham v. Connor, 490 U.S. 386 (1989), fully addressed the constitutional standard which governs Section 1983 claims arising from a police officer's alleged use of excessive force in making an arrest, investigatory stop, or other seizure of an individual's person.  In Graham, the petitioner sought to recover damages for injuries allegedly sustained when

the officers used physical force against him during the course of an investigatory stop. 490 U.S. at 388. The Supreme Court, reversing a decision of the Fourth Circuit, articulated an "objective reasonableness standard" for addressing such cases. Id at 392. In particular, the Court held that in addressing a Section 1983 excessive force claim, proper analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force; in the context of an arrest or investigatory stop, the Court found that an excessive force claim is most properly characterized as invoking the Fourth Amendment. Id at 394. Graham held that in judging the reasonableness of a stop or seizure under the Fourth Amendment, three factors should be considered: 1) the severity of the crime at issue; 2) whether the suspect posed an immediate threat to the safety of the officers or others; and 3) whether the suspect resisted arrest by flight. Plaintiff's complaint fails to allege facts necessary to sustain his claim for excessive force. As Plaintiff concedes in his complaint, he was tried and convicted of disorderly conduct and speeding. (Exhibit A-Paragraph 24). Disorderly conduct and speeding are crimes which, when committed, can be extremely dangerous, even fatal to others who are present during the commission of said crimes. Not only may bystanders be faced with the risk of injury or death, but the officers present themselves may fear for their own safety when observing the commission of these crimes. Further, as Plaintiff also concedes, he did resist arrest. This fact further supports the assertion that Officer McGeeney's conduct was reasonable, as a suspect who resists arrest will typically be perceived by the apprehending officer as more dangerous than one who does not resist. Plaintiff plainly fails to allege facts sufficient to show that it was not objectively reasonable for Officer McGeeney to use force on a suspect who had been driving erratically, who was displaying disorderly and boisterous behavior, and who was actively resisting arrest. To the contrary, the bare facts alleged in Plaintiff's complaint support the assertion that Officer McGeeney's use of force against Plaintiff was entirely reasonable and appropriate to ensure the safety of himself and bystander's in the area. Accordingly, Plaintiff has not sufficiently alleged the violation of his fourth amendment rights, and Plaintiff cannot defeat Officer McGeeney's defense of qualified immunity.

### (3.)  Plaintiff's 14th Amendment Claims

Plaintiff's complaint alleges that Officer McGeeney unlawfully arrested him in

violation of his fourth and fourteenth amendment rights. (Exhibit A-Paragraphs 25,30-31).

Plaintiff's complaint also alleges that  Officer's McGeeney, Greene and Heddinger deprived Plaintiff

of his liberty without due process of law in violation of the fourth and fourteenth amendments.

(Exhibit A-Paragraphs 30-31).  Plaintiff does not make any factual allegations in support of a due

process claim.  In fact, Plaintiff's complaint states that he was rendered due process, as he was

given a trial in the District Court of Maryland for Queen Anne's County.  (Exhibit A-Paragraph 24).

 Accordingly, Plaintiff's Fourteenth Amendment Claims should be dismissed for failure to state a

claim upon which relief may be granted.


## II.  PLAINTIFF HAS FAILED TO STATE A SECTION 1983 CLAIM AGAINST THE TOWN OF CENTERVILLE AS A RESULT OF A MUNICIPAL POLICY OR CUSTOM

U.S.C.A. § 1983 provides a cause of action against any person who, acting under color of

state law, abridges rights created by the Constitution and laws of the United States. 42 U.S.C. §

1983.  Mason v. Mayor and City Council of Baltimore, 1995 U.S. Dist. LEXIS 4443, *3 (D.MD.

1995).  A municipality may incur civil liability under 42 U.S.C.A § 1983 for violations of federal law

committed by its employees. Mason v. Mayor and City Council of Baltimore, 1995 U.S. Dist. LEXIS

4443, *5 (D.MD. 1995) citing Monell, 436 U.S. at 691, 98 S.Ct. at 2036, 56 L.Ed.2d 611.

A municipality as an entity is legally responsible under § 1983 only "when execution of a

government's policy or custom, whether made by its lawmakers or by those whose edicts or acts

may fairly be said to represent official policy, inflicts the injury. Mason, 1995 U.S. Dist. LEXIS 4443

at *6 (D.MD. 1995). Thus, a claim of municipal liability requires the identification of a government

policy or custom and a causal connection between the policy or custom and the alleged

unconstitutional injury. Id.

The United States Supreme Court has stated that:

[t] he fact that a municipal policy might lead to police misconduct is hardly sufficient to satisfy Monell's requirement that the particular policy be the moving force behind a constitutional violation. There must be at least an affirmative link between the training inadequacies alleged, and the particular unconstitutional violation at issue.

Oklahoma City v. Tuttle, 471 U.S. 808, 824-25, n.8, 105 S.Ct. 2427, 2436-37 n.8, 85 L.Ed.2d 791 (1985).

Plaintiff's failure to assert that an alleged policy or custom of the municipality caused his alleged injuries defeats his Federal civil rights claim against the Town Council of Centreville. Plaintiff failed to state that his allegations against the Town pursuant to Section 1983 are the result of an alleged policy or custom of the Town.    Further, Plaintiff has failed to demonstrate a causal link between the constitutional deprivation alleged and the alleged municipal custom or policy. Without the allegation of an alleged policy or custom of the Town, and without a factual allegation as to which specific behavior of the defendants the Plaintiff claims resulted in his injury, Plaintiff's Federal civil rights claims against the Town predicated on Section 1983 must be dismissed.


**III.  Plaintiff's State-Law Claims Against Officer McGeeney And the Town Council of Centreville Will Fail Pursuant To The Doctrine Of Qualified Statutory Immunity**

**(A.)  Discretionary Supplemental Jurisdiction**

The Court may decline to exercise its discretionary supplemental jurisdiction set forth in 28 U.S.C. 1367 over the remaining state law claims.  "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  While the Court appears to have supplemental jurisdiction over the state-law claims in this case, Congress has provided district courts with several discretionary exceptions to their exercise of supplemental jurisdiction in 28 U.S.C. 1367 (c).  District courts may decline supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. 1367(c)(3); see also Hardy v. Birmingham Bd. Of Educ., 954 F.2d 1546 (11th Cir. 1992) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the

parties, by procuring for them a surer-footed reading of applicable law.  Certainly if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." (quoting United Mine Workers v. Gibbs, 383 U.S. 715(1966)); Cambell v. Masten, 955 F. Supp. 526 (D. Md. 1997).

If the C ourt exercises jurisdiction over these claims, the defenses of failure to allege compliance and to comply with the Maryland Tort Claims Act, and qualified statutory immunity will defeat Plaintiff's claims.

### (B.)  Failure to Allege Compliance With The Procedural Requirements Of The Maryland Tort Claims Act

Pursuant to the Maryland Tort Claims Act (MTCA), the State of Maryland waives its sovereign immunity for tort claimants who satisfy the procedural requirements outlined in the MTCA.  Pursuant to Sections 12-106 and 12-107, a threshold requirement is the presentation of a claim to the State Treasurer within one year of the alleged injury for which relief is being sought. Specifically, a claimant is precluded from instituting an action under the MTCA unless the claimant: 1) submits a written claim to the Treasurer or a designee of the Treasurer within one year after the injury to person or property that is the basis of the claim; 2) the Treasurer denies the claim finally; and 3) the action is filed within 3 years after the cause of action arises.

The Court of Appeals has held that the notice provision is a condition precedent to filing suit against the State or state personnel.  Simpson v. Moore, 323 Md. 215 (1991).  Moreover, the MTCA's administrative claim requirement has been deemed not to be unreasonable in light of the benefit to potential plaintiffs in actions against the State.  See for example, Johnson v. Maryland State Police, 331 Md. 285 (1993).  Further, this Court has indicated that compliance with the condition precedent included in the MTCA must be alleged as a substantive  element of a claim. Gray v. Maryland, 228 F.Supp. 2.d 628 (D.MD. 2002).

Plaintiff failed to allege compliance with the MTCA, and in fact failed to comply with the MTCA. As compliance with the MTCA is a condition precedent to filing suit against the State or state personnel, and must be alleged as a substantive element of a claim, Plaintiff's claims should be

dismissed for failure to state a cause of action upon which relief may be granted.

### (C.)   STATE LAW CONSTITUTIONAL AND TORT CLAIMS AGAINST OFFICER McGEENEY

Pursuant to the MTCA, state personnel are immune from suit in courts of the state of Maryland and from liability in tort in both their personal and official capacities for tortious acts or omissions that are within the scope of the public duties of the State personnel, and are made without malice or gross negligence.  See, Courts and Judicial Proceedings, Section 5-522.  Police officers classified as state personnel have a qualified immunity defense against constitutional tort claims which allege violations of the Maryland Declaration of Rights.  Lee v. Cline, 149 Md. App. 38, 814 A.2d 86 (2002).   Further, the actions of police officers within the scope of their law enforcement function are quintessential discretionary acts.  Williams v. Prince George's County, 112 Md. App. 549, 685 A.2d 896 (1996).   The MTCA was intended to provide individual state employees some measure of protection against the daunting prospect of being sued for tortious acts or omissions that were undertaken in the line of duty and without actual malice or gross negligence.  Lee, 149 Md. App. 38.   When properly applied to police officers classified as state personnel, this statutory protection strikes a balance with an individual citizen's right to a remedy when his or her constitutional rights have been violated.   Id

Whether plaintiff has proffered sufficient evidence to raise the inference of malice is a question of law.  Lee v. Cline, 149 Md. App. 38, 814 A.2d 86 (2002).  To defeat state officials' immunity under the MTCA, the "malice" or "gross negligence" standard requires a showing of actual malice, conduct motivated by ill will, improper motive, or affirmative intent to injure, or showing that the defendant acted with wanton or reckless disregard for the safety of others.  Freeland v. Childress, 177 F.Supp.2d 422 (2001).  Moreover, the actual malice required to defeat public official immunity is an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff.  McCoy v. Hatmaker, 135 Md. App. 693, 763 A.2d 596 (2000).  Further, allegations of mere negligence are

not sufficient to overcome qualified immunity, <u>Ford v. Baltimore City Sheriff's Office</u>, 149 Md. App. 107, 814 A.2d 127 (2002), and bare allegations are insufficient. <u>Green v. Brooks</u>, 125 Md. App. 349, 725 A.2d 596(1999).

Officer McGeeney is immune from Plaintiff's state constitutional law claims pursuant to the doctrine of statutory qualified immunity as Officer McGeeney is classified as state personnel pursuant to the Maryland Code, and was involved in the discretionary activity of apprehending and detaining a suspect at the times relevant to Plaintiff's claim. Further, Plaintiff has not alleged malice sufficient to defeat Officer McGeeney's qualified statutory immunity. Plaintiff makes bare allegations of malice, without alleging facts to support the allegation that Officer McGeeney acted with malice, and without alleging facts which explain why or how Officer McGeeney was malicious. As mere bare allegations of malice are not sufficient to defeat Officer McGeeney's qualified immunity, Plaintiff's state constitutional law claims should be dismissed.

With respect to Plaintiff's false arrest, false imprisonment, and negligence claims, Plaintiff fails to make even a bare allegation that Officer McGeeney acted with malice. With respect to Plaintiff's assault, battery, and malicious prosecution claims, Plaintiff's complaint merely states that Officer McGeeney intended to commit said crimes, and that Officer McGeeney did so with malice. Plaintiff fails to allege how or why said acts were malicious, as opposed to justified by the circumstances. Plaintiff also fails to allege facts to support the allegation that the alleged acts were committed without legal justification, and fails to allege why Officer McGeeney would have a motive to commit said acts. As mere bare allegations of malice are not sufficient to defeat Officer McGeeney's qualified immunity, Plaintiff's state-law tort claims should also be dismissed.


### (D.)  State Constitutional Claims and State Law Tort Claims Against The Town Council of Centreville

Pursuant to the Local Government Tort Claims Act (LGTCA) MD. CODE ANN., CTS. & JUD. PROC. §  5-301 et seq., the Town is given the benefit of its employees' defenses and immunities. <u>Jesse Williams, Jr. v. Prince George's County</u>, 112 Md. App. 526, 551; 685 A.2d 884, 897; 1996 Md. App. LEXIS 168, *35.

Section 5-303(e) provides:

A local government may assert on its own behalf any common or statutory defense or immunity in existence as of June 30, 1987, and possessed by its employee for whose tortious act or omission the claim against the local government is premised and a local government may only be held liable to the extent that a judgment could have been rendered against such an employee.

Jesse Williams, Jr. v. Prince George's County, 112 Md. App. 526, 552; 685 A.2d 884, 897; 1996 Md. App. LEXIS 168, *35 (citing section 5-403(e) which is now referenced as 5-303(e)).

A local government cannot be vicariously liable for it's officer's conduct because it can raise the officer's defense of immunity, pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 5-321(b)(1). Jesse Williams, Jr. v. Prince George's County, 112 Md. App. 526, 552; 685 A.2d 884, 897; 1996 Md. App. LEXIS 168, *36.

Municipalities which have not waived their tort immunity are entitled to immunity for ordinary tort actions including those sounding in negligence under the doctrine of governmental immunity.  Clea v. Mayor and City Council of Baltimore, 312 Md. 662, 541 A.2d 1303 (1988).  With regard to ordinary tort actions, counties and municipalities can rely on the defense of governmental immunity when they exercise a function categorized as "governmental" rather than "proprietary" or "corporate."  Town of Port Deposit v. Petetit, 113 Md. App. 401, 688 A.2d 54 (1997). Where the act in question is sanctioned by legislative authority, is solely for the public benefit, with no profit or emolument inuring to the municipality, and tends to benefit the public health and promote the welfare of the whole public, and has in it no element of private interest, it is governmental in nature.  Town of Brunswick v. Hyatt, 91 Md. App. 555, 605 A.2d 620 (1992). Further, the actions of police officers pursuant to their law enforcement authorities are classified as governmental activities.  Town of Port Deposit, 113 Md. App. at 420.

Where local governments have been sued for violations of constitutional rights, there is ordinarily no governmental immunity.  Town of Port Deposit, 113 Md. App. at

422.   In such cases, as the local government is entitlted to assert any defense that the government employee could assert, liability would attach to the local government if the government employee acted with malice which would defeat the defense of qualified immunity.  See, for example, Town of Port Deposit, 113 Md. App. at 416;  MD. CODE ANN., CTS. & JUD. PROC. §  5-321(b)(1); Jesse Williams, Jr. v. Prince George's County, 112 Md. App. 526, 552; 685 A.2d 884, 897;

As is discussed above, Plaintiff has not alleged facts which are sufficient to support his allegation that Officer McGeeney acted maliciously against Plaintiff.  As the Town is entitled to assert any defense that Officer McGeeney could assert, the Town cannot be held liable based on the theory of respondiat superior for the alleged state-law torts of Officer McGeeney, as Officer McGeeney is immune from Plaintiff's tort claims pursuant to the doctrine of qualified immunity. Therefore, Plaintiff's state-law tort claims against the Town Council of Centreville should be dismissed for failure to state a claim upon which relief may be granted.

With respect to the portion of Plaintiff's Constitutional state-law claim which purports to hold the Town liable for Officer McGeeney's allegedly unconstitutional acts, Plaintiff's claim fails as Plaintiff has not alleged facts to support his allegations that Officer McGeeney acted maliciously against Plaintiff.  With respect to the portion of Plaintiff's Constitutional State-law claim which purports to hold the Town liable for an alleged systematic policy and pattern of allegedly unconstitutional conduct, Plaintiff has not alleged facts which are sufficient to show the presence of any alleged systematic policy or pattern of conduct ratified by the Town Council of Centreville. Plaintiff also fails to allege facts which suggest that Officer McGeeney's alleged unconstitutional acts were committed on the instructions of the Town or with the knowledge and consent of the Town. Accordingly, Plaintiff's state constitutional claim against the Town should be dismissed for failure to state a claim upon which relief may be granted.

### (E.) Negligent Hiring, Retention and Supervision

The Maryland Court of Appeals has stated, "where an employee is expected to come into

contact with the public ... the employer must make some reasonable inquiry before hiring or retaining the employee to ascertain his fitness, or the employer must otherwise have some basis for believing that he can rely on the employee." Cramer v. Housing Opportunities Commission of Montgomery County, 304 Md. 705, 711; 501 A.2d 35, 38; 1985 Md. LEXIS 892, *9 (1985) quoting Evans v. Morsell, 284 Md. 160, 166-67, 395 A.2d 480 (1978).

To establish a cause of action in negligence, the plaintiff must prove the existence of a duty owed by a defendant to him (or to a class of which he is a part), a breach of that duty, a legally cognizable causal relationship between the breach of duty and the harm suffered, and damages. Cramer 304 Md. at 712; 501 A.2d at 39; 1985 Md. LEXIS 892 at *11 (1985). citing Scott v. Watson, 278 Md. 160, 165, 359 A.2d 548 (1976); Peroti v. Williams, 258 Md. 663, 669, 267 A.2d 114 (1970). Negligence results when one breaches a duty owed to another, but that negligence is actionable only if it is a proximate cause of damage. The plaintiff must prove two links in the causal chain to establish the ultimate connection in his case. Id.

First, plaintiff must prove that the employer's failure to undertake a reasonable inquiry resulted in the hiring of the employee in question. Cramer, 304 Md. at 713; 501 A.2d at 39; 1985 Md. LEXIS 892 at *11 (1985) citing Kendall v. Gore Properties, 236 F.2d 673 (D.C.Cir.1956). Second, if a negligent hiring is shown, the Plaintiff still must prove that the hiring was a proximate cause of the injury. Id. citing Scott v. Watson, supra, 278 Md. at 171, 359 A.2d 548 (1970).

Through their complaint, Plaintiffs allege that the Town Council of Centreville and The Centreville Police department had actual knowledge of Officer McGeeney's alleged incompetent performance. (Exhibit A-Paragraph 101). Plaintiff has failed to allege that the Town failed to make a reasonable inquiry before hiring the individual police officers. Plaintiff further failed to allege that the hiring itself was a proximate cause of his alleged injury. Accordingly, Plaintiff has failed to allege facts to support the essential elements of his claim, and his claim for negligent hiring, retention and supervision should be dismissed for failure to state a claim upon which relief may be granted.

## IV. PLAINTIFF'S PUNITIVE DAMAGES CLAIMS SHOULD BE DISMISSED AS THEY ARE NOT PERMISSIBLE UNDER FEDERAL OR STATE LAW

Plaintiff's claims for punitive damages against Officer McGeeney in his personal or official

capacity, and against the Town Council of Centreville are not maintainable under Federal or State law. Pursuant to Section 1983, punitive damages are not recoverable against municipalities or other local governments. <u>City of Newport v. Fact Concerts, Inc.,</u> 453 U.S. 247 (1981). Moreover, in the absence of statutory authority, punitive damages may not be recovered against a state or local government. Md. Code Ann., Cts. & Jud. Proc. Section 5-522(a) (1998 repl. vol., 200 Supp.); <u>Herilla v. Mayor and City Council of Baltimore</u>, 37 Md. App. 481 (1977). Accordingly, Plaintiff's punitive damages claims against Officer McGeeney and the Town Council of Centreville should be dismissed as they are barred by State statutory and common law.

## IV. CONCLUSION

For the above stated reasons, Officer Joseph McGeeney and the Town Council of Centreville, Inc. respectfully request that this Court dismiss Counts I-VIII and all of the claims against them, and for costs.

Respectfully Submitted,

**MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.**

**BY:** _____

**Michael T. Hamilton, Esquire**
The Bonaparte Bldg.
8 E. Mulberry Street
Baltimore, MD 21202-2105
**(410) 385-8335**

**Attorney for:** Defendants,
Joseph E. McGeeney and
Town Council of Centreville, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that, on this 1st day of **May, 2003**, a copy of the foregoing Motion of

Defendants Officer Joseph E. McGeeney and Town Council of Centreville, Inc. to Dismiss Counts I-
VIII
for Failure to State a Claim Upon Which Relief May be Granted was served, by first-class mail,
postage prepaid on:


**Michael L. Sandul, Esquire**
McCarthy & Costello, LLP
One Town Center Drive, Suite 410
Bowie, MD 20716-2668

**John F. Breads, Jr. Esquire**
7172 Columbia Gateway Drive, Suite E
Columbia, MD 21046


Respectfully Submitted,

**MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.**


BY: _____

**Michael T. Hamilton, Esquire**
The Bonaparte Bldg.
8 E. Mulberry Street
Baltimore, MD 21202-2105
**(410) 385-8335**

**Attorney for:** Defendants,
Joseph E. McGeeney and
Town Council of Centreville, Inc.

TABLE OF AUTHORITIES

<u>Case</u>                                                                           <u>Page</u>

1. <u>Albright v. Oliver</u>, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4
510 U.S. 266 (1994)

2. <u>Anderson v. Creighton</u>, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3
483 U.S. 635

3. <u>Campbell v. Masten</u>, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
953 F.Supp. 526 (D. Md. 1997)

4. <u>City of Fayettville v. Spell</u>, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
484 U.S. 1027 (1988)

5. <u>City of Newport v. Fact Concerts, Inc.</u>, . . . . . . . . . . . . . . . . . . . . . . 16
453 U.S. 247 (1981)

6. <u>Clea v. Mayor and City Council of Baltimore</u>, . . . . . . . . . . . . . . . . . . .13
312 Md. 662 (1988)

7. <u>Cramer v. Housing Opportunities Commission of Montgomery County</u>, ..15
304 Md. 705 (1985)

8. <u>Dunaway v. New York</u>, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4
442 U.S. 200 (1979)

9. <u>Evans v. Morsell</u>, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    15
284 Md. 160 (1978)

10. <u>Freeland v. Childress,</u>
177 F. Supp. 2d 422 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

11. <u>Ford v. Baltimore City Sheriff's Office,</u>
149 Md. App. 107 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

10. <u>Graham v. Connor</u>, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5,6
490 U.S. 386 (1989)

11. <u>Gray v. Maryland</u>, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9
228 F.Supp.2d 628 (D. Md. 2002)

12. <u>Green v. Brooks</u>, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
125 Md. App. 349 (1999)

13. <u>Hardy v. Birmingham Board of Education</u>, . . . . . . . . . . . . . . . . . . . . . . 8
954 F.2d 1546 (11th Cir. 1992)

14. Harlow v. Fitzgerald,
457 U.S. 800 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15. Herilla v. Mayor and City Council of Baltimore, . . . . . . . . . . . . . . . . . . . 16
37 Md.App. 481 (1977)

16. Jesse Williams, Jr. v. Prince George's County, . . . . . . . . . . . . . . . . . . 12, 14
112 Md.App. 526 (1996)

17. Johnson v. Maryland State Police, . . . . . . . . . . . . . . . . . . . . . . . . . 9
331 Md. 285 (1993)

18. Kendall v. Gore Properties, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
235 F.2d 673 (D.C. Cir. 1956)

19. Labram v. Havel, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
43 F.3d 918 (4th Cir. 1995)

20. Lee v. Cline, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
149 Md.App. 38 (2002)

21. Malley v. Briggs, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
475 U.S. 335

22. Mason v. Mayor and City Council of Baltimore, . . . . . . . . . . . . . . . . . . 7
1995 U.S. Dist. LEXIS 4443 (D. Md. 1995)

23. McCoy v. Hatmaker,
135 Md. App. 693 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

24. Mylan Labs, Inc. v. Matkari, . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3
7 F.3d 1130 (4th Cir. 1983)

25. Oklahoma City v. Tuttle, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
471 U.S. 808 (1985)

26. Peroti v. Williams, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
258 Md. 663 (1970)

27. Porterfield v. Lott, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
156 F.3d 563 (4th Cir. 1988)

28. Randall v. United States, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
30 F.3d 518 (4th Cir. 1995)

29. Scott v. Watson, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
278 Md. 160 (1976)

30. Simpson v. Moore, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
323 Md. 215 (1991)

31.  Spell v. McDaniel, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
591 F.Supp. 1090 (E.D. N.C. 1984)

32.  Town of Brunswick v. Hyatt, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
91 Md.App. 555 (1992)

33.  Town of Port Deposit v. Petetit, . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
113 Md.App. 401 (1997)

34.  United Mine Workers v. Gibbs, . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8
383 U.S. 715 (1966)

35.  United States v. Garcia, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4
848 F.2d 58 (4th Cir. 1988)

36.  Williams v. Prince George's County, . . . . . . . . . . . . . . . . . . . . . . . . 10
112 Md.App. 549 (1996)

37.  Wilson v. Layne, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
526 U.S. 603

38.  Wong Sun v. United States, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4
371 U.S. 411 (1963)

PH049749.1