IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DARRELL A. BRITTINGHAM** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | Civil No.: 02 CV 4055 RDB |
| | * | |
| **JOSEPH E. McGEENEY, et al.** | * | |
| | * | |
| Defendants | * | |

_____

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO MOTION OF DEFENDANTS', McGEENEY AND TOWN COUNCIL OF CENTREVILLE, INC., TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

The Plaintiff hereby submits this Memorandum in support of his response to the Motion of Defendants, Joseph E. McGeeney and Town Council of Centreville, Inc., to Dismiss for Failure to State a Claim Upon Which Relief May be Granted.

It is not exactly clear which Counts the Defendants are moving to dismiss. In their Motion they refer to Counts I-VIII. However, in the introductory paragraph of their Memorandum they refer only to Counts I-V. In the body of the Memorandum they move to dismiss claims for false arrest and "all other claims" which would presumably apply to the remainder of the Counts. Therefore, the Plaintiff will respond to the issues in the order in which they were presented by the Defendants. He will not, however, respond separately to all of the same sub-parts as in the Memorandum.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

**I.      DEFENDANT McGENNEY IS NOT IMMUNE UNDER THE DOCTRINE OF QUALIFIED IMMUNITY**

The Plaintiff agrees that in certain circumstances, qualified immunity may be applicable. However, those circumstances do not exist in this case in either fact or the law.

**A.      Plaintiff's Claim For Unlawful Arrest is Proper**

Defendants' basis for this part of their motion is that "Plaintiff's complaint simply does not allege facts which allege that there was no reasonable belief on behalf of Officer McGeeney that Plaintiff had committed or was committing the offenses of negligent driving, hindering arrest, resisting arrest, and driving while intoxicated." ( Defendants' Memorandum of Law at page 4). Defendants apparently believe that the Plaintiff is required to plead negative facts and inferences in his Complaint in order to state a cause of action. That is not the law.

The federal rules provide for notice pleading. The only requirements are that the complaint contain a short statement supporting the court's jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief" and a demand for judgment. F.R.C.P. 8(a). In judging the sufficiency of the complaint, " the court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party." Baicker-McKee, et.al., Federal Civil Rules Handbook, 2002, page 305 ( and cases cited therein).

Judging the Plaintiff's Complaint in this manner, shows that there is nothing in it that justifies the conclusions that the Defendants attempt to reach. The Complaint states that the Plaintiff was proceeding on Kidwell Avenue when his car was struck by objects thrown by

MCCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

unknown individuals. He came upon two unoccupied police cars and asked some individuals in the area the location of the police officers so he could obtain their assistance. Defendant McGeeney called to him and the Plaintiff walked to him. When he was twelve feet away from McGeeney he told McGeeney about the car having been hit and asked that McGeeney take some action on his complaint. McGeeney told him that he was busy. After waiting for a period of time, Plaintiff decided to leave and started to walk to his car to go home when he was tackled by McGeeney and the two other Defendants (Amended Complaint at paragraphs 10-18).

From those facts, there is nothing that would lead to a conclusion that a reasonable officer would have cause to believe that the Plaintiff had committed the offenses of negligent driving, hindering arrest, resisting arrest, or driving while intoxicated. Rather, the conclusion to be drawn from these facts is that Defendant McGeeney had not even been aware of Plaintiff's presence until the Plaintiff revealed himself by asking for assistance. What there is in these facts that would lead to a belief that Plaintiff had even been driving a car much less while intoxicated is not explained by the Defendants. Nor do the Defendants give an explanation how seeking the assistance of a police officer while he had a suspect in custody amounted to hindering that arrest.

The fact that he was eventually charged and convicted of proceeding at a speed greater than reasonable or of disorderly conduct does not change the conclusion that Defendant McGeeney lacked probable cause to believe that the Plaintiff had been driving while intoxicated or was hindering an arrest. The Plaintiff admitted that he had accelerated when

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

his car had been struck. The charge of which he was convicted is a petty offense that provides that: "A person may not drive a vehicle on a highway at a speed that, with regard to the actual and potential dangers existing, is more than that which is reasonable and prudent under the conditions." Annotated Code of Maryland. Transportation Article, Section 21-801 (a). It does not require a finding of reckless or erratic driving nor does it lead to a conclusion that alcohol was involved. Certainly, it cannot be said that a violation of a traffic law warrants anything more than a citation. It does not serve as justification for an arrest without notice to the violator and by physically tackling him and throwing him to the ground.

That Plaintiff was convicted of disorderly conduct also does not serve to justify the arrest. Defendants apparently assume that the conduct alleged took place before he was arrested and thrown into the police car. There is nothing in the complaint that supports that assumption. It is just as likely that the conduct occurred long after the invalid arrest took place. The inference that the Defendant seeks the Court to draw at this point cannot be drawn.

Finally, the Defendants claim that Plaintiff admitted that he resisted arrested is wrong. They apparently interpret the language in paragraph 19 of the Complaint that "Plaintiff offered no resistance until Defendants ....ignored [his] cries for them to cease and desist..." as active resistance to his arrest. That inference cannot be drawn from that isolated language. That choice of wording was not meant to convey active resistance to arrest. There is nothing in F.R.C.P. 8 or 12(b) that warrants dismissal of a complaint on such hyper-technical and selective reading of the language of the complaint.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

Even if the language could be construed in the manner the Defendants seek, the Plaintiff would have been justified in resisting an unlawful arrest, even if it involved the use of force. *Barnhard v. State*, 325 Md. 602, 602 A.2d 701 (1992).

The Defendants imply that the Plaintiff has the burden of negating each and every fact and inferences to be drawn from them upon which Defendant McGeeney could claim that he had probable cause and acted reasonably as a matter of law. To do so would require a complaint of book length. The Plaintiff has stated sufficient facts to support a finding that Defendant McGenney had no reasonable belief that the Plaintiff had committed the offenses of hindering arrest, resisting arrest, negligent driving or driving while intoxicated. Whether Defendant McGeeney had probable cause for any arrest and whether he acted reasonably is a matter for the finder of fact to determine.

**B.   Plaintiff's Excessive Force Claim Is Proper and Should Not Be Dismissed**

The actions of Defendant McGeeney were not objectively reasonable.

The Defendant is correct that in *Graham vs. Connor*, 490 U.S. 386, 109 S. Ct. 1865 (1989) the Court determined the standards to be applied in excessive force claims. Therein the Court stated: "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." 490 U.S. at 396, 108 S.Ct. at 1872. It went on to state that the inquiry in such situations is an objective one, whether the actions of the officer was "objectively reasonable" in light of the circumstances confronting them. *Id.* 490 U.S. at 397, 108 S.Ct. at 1872. In essence, it is a test regarding "the proportionality of the force in light of all the

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 5 -

circumstances." *Rowland v. Perry*, 41 F.3rd 167, 173 (4th Cir. 1994).  Factors in making this determination include the severity of the crime at issue, whether there was a threat to safety of the officers or others, and whether the person was actively resisting arrest. *Graham, supra*, 490 U.S. at 396, 109 S. Ct. at 1872.

It is under these standards that the Complaint must be judged and whether Defendant McGeeney's actions were objectively reasonable.  The Complaint merely states the Plaintiff's car was struck by an object and that because he was afraid he sped up to get away.  It does not state that he proceeded in a reckless manner.  Upon seeing two unoccupied police cars, he stopped and sought the assistance of the police.  Once Defendant McGeeney identified himself, Plaintiff walked toward him reaching a point approximately twelve feet from Defendant McGeeney.  Plaintiff told Defendant McGeeney about the incident and requested that he take action. Defendant McGeeney stated that he was busy.  After waiting for a while, Plaintiff began to walk away when, without warning, he was tackled and thrown to the ground.  These facts do not lead to a conclusion that a crime had been committed by the Plaintiff (other than perhaps a motor vehicle violation); that there was a threat to the Defendant from the Plaintiff; or that, by walking away he was resisting arrest since there was no indication that he was under arrest.  Under *Graham*, Defendant McGeeney's actions were not "objectively reasonable."

The Defendants attempt to demonstrate that Defendant McGeeney's actions were reasonable by claiming that the Plaintiff's convictions for a traffic violation and disorderly conduct justified them, going so far as to state that "Disorderly conduct and speeding are

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

crimes which, when committed can be extremely dangerous, even fatal to others who are present during the commission of said crimes. Not only may bystanders be faced with the risk of injury or death, but the officers present themselves may fear for their own safety when observing the commission of these crimes." (Defendants' Memorandum at page 5). These conclusions are unwarranted either from a reading of the Complaint or from common experience.

First, the Plaintiff reiterates that there is no indication from the complaint when the disorderly conduct happened for which he was convicted. The Defendant cannot infer that it occurred before the assault and arrest took place. The Plaintiff will contend that it occurred after he was arrested and placed in the police car.

Even if one were to infer that the disorderly conduct had occurred first, Defendant McGeeney appears to argue that that would give him license to commit a violent assault upon the person. The statute under which the Plaintiff was convicted states: "a person may not willfully act in a disorderly manner to the disturbance of the public peace." Annotated Code of Maryland, Article 27, Section 121(b)(2). There are a variety of non-violent and generally harmless actions that could fall within the prohibitations of that statute. From Defendant McGeeney's argument, it would appear that he believes that it is reasonable for three police officers to violently assault anyone for being loud or boisterous. (See e.g. *Baynard v. State*, 318 Md. 531, 569 A.2d 652 (1990) interpreting the predecessor statute prohibiting *inter alia* wilfully disturbing any neighborhood by loud and unseemly noises as proscribing inappropriately loud noise that is intended to disturb the peace). A conviction could occur

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

merely for using a loud voice late at night in a residential neighborhood. That would not justify the conduct of the Defendants.

Defendant McGeeney also argues that the Plaintiff actively resisted arrest. That is not what the Complaint states. The Complaint merely states that he offered "no resistence until Defendants McGeeney, Green and Heddinger ignored Plaintiff's cries for them to cease and desist because he had a pre-existing back and shoulder condition and they were causing him great pain due to the actions of the Defendants." (Amended Complaint - Paragraph 19). It does not state that he then began to actively resist arrest.

Even if he began to resist arrest after he was thrown to the ground, Plaintiff would have been allowed to resist. In Maryland "one illegally arrested may use any reasonable means to effect his escape, even to the extent of using such force as is reasonably necessary". Diehl vs. State, 294 Md. 466, 451 A.2d 115, 123 (1982) (citations omitted). Perhaps that is why the Court found him not guilty of resisting arrest.

Even if he had used minimal resistance after being thrown to the ground and requesting that the police stop, that could not be used to justify the force used before that time nor the amount of force used thereafter. There is nothing in the Complaint that shows that it was reasonable for the three police officers to do what they did in that situation.

### C. Plaintiff's Fourteenth Amendment Claim are proper and should not be dismissed

The Plaintiff properly alleged violations of his constitutional rights. In addition to the access use of force, the Plaintiff was denied due process by the unlawful and unreasonable detention and subsequent confinement before trial.

MCCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

**D.     Plaintiff Has Not Failed To State a Section 1983 Claim Against the Town of Centreville**

In brief, the Defendants complain that the Plaintiff has failed to "assert that an alleged policy or custom of the municipality caused his alleged injuries" is wrong. The Plaintiff specifically alleged in Paragraph 34 that Defendant McGenney was acting "pursuant to official policy or custom". Therefore, a Monell claim has been stated.

**II.    PLAINTIFF'S STATE-LAW CLAIMS AGAINST DEFENDANTS MCGEENEY AND THE TOWN COUNCIL OF CENTREVILLE, INC. ARE PROPER AND SHOULD NOT BE DISMISSED**

**A.     Discretionary Supplemental Jurisdiction**

Defendants assert that the State law claims should be dismissed. Plaintiff concedes that if all of the Federal claims against all of the Defendants are dismissed that supplemental jurisdiction pursuant to 28 U.S.C. Section 1367(c)(3) would not be appropriate. However, for the reasons stated in this Memorandum and in the Plaintiff's Response to the Motion of Defendants Heddinger and Greene to Dismiss or for Summary Judgment, the allegations based upon federal law should not be dismissed.

Thus, this Court should retain jurisdiction over the state law claims because they derive from common facts and would ordinarily be tried in one case. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130 (1966).

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

B.  **Failure to Allege Compliance with the Procedural Requirements of the Maryland Tort Claims Act is Immaterial Because the Maryland Tort Claims Act Does Not Apply to the Claims against Defendants McGeeney and Town Council of Centreville, Inc.**

Defendants next contend that the claims against them must be dismissed because of failure to comply with the Maryland State Tort Claims Act. However, by its terms, that Act applies only to state employees, the State of Maryland and its units of government. Annotated Code of Maryland, State Government Article, Section 12-101. Therefore, the Maryland State Tort Claims Act does not apply to the Town of Centerville and Defendant McGenney. Claims against them are regulated by the Local Government Tort Claims Act and compliance with it was in fact made and plead.

C.  **State Constitutional Claims and State Law Tort Claims Against Defendant McGeeney Are Proper and Should Not Be Dismissed**

Defendant McGeeney's statement that state personnel are immune from suit for torts committed without malice is based on a faulty premise. He cites in support of his statement Annotated Code of Maryland, Courts and Judicial Proceedings Article, Section 5-522 which does give immunity to "state personnel" in certain circumstances. State personnel are defined by the statute. Under that law, Defendant McGeeney, a police officer for a municipality, is not a state employee. Annotated Code of Maryland, State Government Article, Section 12-101.

McGeeney and the Town of Council of Centreville, Inc. are governed instead by the Local Government Tort Claims Act. That law does not provide immunity for a local police officer from suit but rather precludes execution upon a judgment against the individual for

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 10 -

"tortious acts or omissions committed by the employee within the scope of employment" and makes the local government pay for the damages assessed. Annotated Code of Maryland, *Courts and Judicial Proceedings Article,* Sections 5-302 (b) and 5-303(b).

Defendants cite *Lee v Cline*, 149 Md. App. 38, 814 A.2d 86 ( Md. App. 2002) for the proposition that Defendant McGeeney is entitled to qualified immunity and cannot be sued absent malice. The problem with reliance upon this case is that it ignores the precedent of the highest Maryland court and is readily distinguishable on it facts from the case presented here.

The Court of Appeals precedent ignored by the Defendants is found in *Clea v. City of Baltimore*, 312 Md. 662, 541 A.2d 1303 (1988). There the plaintiff brought suit against several defendants including a Baltimore City police officer. The Baltimore police officer was a state employee. *Id.* at 312 Md. 668, 541 A.2d at 1306. The Court, rejected the officer's contention that he was entitled to qualified immunity in the absence of malice and stated: "...[A]n official who violates an individual's rights under the Maryland Constitution is not entitled to any immunity, and ... the presence or absence of malice is pertinent only to the question of punitive damages." It reasoned that:

> ...[T]here are sound reasons to distinguish actions to remedy constitutional violations from ordinary tort suits. The purpose of a negligence or other ordinary tort action is not specifically to protect individuals against government officials or to restrain government officials. The purpose of these actions is to protect one individual against another individual, to give one person a remedy when he is wrongfully injured by another person. Issues of governmental immunity in this context concern whether, and to what extent, as a policy matter, a governmental official is to be treated like an ordinary private party.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

\*   \*   \*   \*   \*   \*

> On the other hand, constitutional provisions like Articles 24 or 26 of the Maryland Declaration of Rights, or Article III, Section 40, of the Maryland Constitution, are specifically designed to protect citizens against certain types of unlawful acts by government officials. To accord immunity to the responsible government officials, and leave an individual remediless when his constitutional rights are violated, would be inconsistent with the purpose of the constitutional provisions.

*Id* at 312 Md. 684-5 , 541 A.2d at 1314. (citations omitted).

A similar rule is applicable to intentional torts committed by a police officer. The *Clea* Court also noted that "a police officer does not enjoy this immunity if he commits an intentional act <u>or</u> acts with malice." Id. 312 Md. at 673, 541 A.2d at 1308 citing *Cox v. Prince George's County*, 296 Md. 162, 169, 460 A.2d 1038, 1041 (1983) (emphasis added).

It is true that the Court of Special Appeals, a court subordinate to the *Clea* court, held in *Lee* that a deputy sheriff was entitled to qualified immunity for acts he committed even in violation of state constitutional provisions. The Court recognized that under prior decisions of the Court of Appeals, qualified immunity did not exist for such violations. It reasoned that the prior opinions of the Court of Appeals did not apply. It stated that *Clea's* holding, and that of other of the Court of Appeals' decisions, were no longer valid because the immunity provisions upon which those decisions had been based had changed since *Clea* had been decided.. *Lee v. Cline*, 149 Md. 38, 74-5, 814 A.2d 86, 108 ( Md. App. 2002). That reasoning is unpersuasive because even after the change in the law, the Court of Appeals held that there was no qualified immunity for state public officials who violated the Maryland Declaration of Rights or Constitution and cited its previous opinion in *Clea* with approval. *Okwa v.*

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX  301-262-0562

*Harper*, 360 Md. 161, 201-2, 757 A.2d 118, 140 (1999). Had the Court of Appeals been of the opinion that qualified immunity was now a defense to state constitutional violations, it likely would have said so. It is doubtful that it would have quoted with approval an out-dated holding. If the change in the immunity statute had truly brought about the change in law that *Lee* had claimed, the Court of Appeals could have said so explicitly in any of the decisions cited but distinguished by the *Lee* court. Indeed, after the *Okwa* opinion, another panel of the Court of Special Appeals upheld the principal of *Clea* and stated that a state police officer had no right to qualified immunity even in the absence of malice. *Tavakoli-Nouri v. State*, 139 Md. 716 734-5, 779 A.2d 992, 1003 ( Md. App. 2001).

Assuming that there is some validity to the Defendants' contention that there is now qualified immunity for state constitutional violations by state employees, that does not entitle Defendant McGeeney to seek its protection. The section upon which the Defendants' contention rests, by its terms, applies only to state personnel. In *Lee*, and each of the cases it attempted to distinguish, the Defendants were state employees. There is nothing in any of the statutory authority or case law which grants such immunity to a local police officer. A local police officer may be found liable for a state constitutional violation done without malice and there is no qualified immunity available. *Ashton v Brown*, 339 Md. 70, 660 A.2d 447 (1995). Similarly, there is no immunity for intentional torts committed by him. As a local, as opposed to a state law enforcement officer, qualified immunity does not apply to Defendant McGeeney. The presence of malice is only relevant to the issue of punitive damages. *Clea*,

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

*supra*, 312 Md. at 680, 541 A.2d at 1312. Annotated Code of Maryland, Courts and Judicial Proceedings Article, Section 5-303 (c)(2).

Assuming arguendo that Defendant McGeeney is entitled to qualified immunity for the state law violations, sufficient facts have been plead and from which reasonable inferences can be drawn to support a finding that Defendant McGeeney's actions were motivated by malice.

The Plaintiff has stated that he approached the Defendant McGenney and observed that he had an individual in custody but asked for his assistance.  Defendant McGenney told him that he was busy and Plaintiff waited for him for a while.  The Plaintiff then started to walk away and without any warning, three police officers, including Defendant McGenney, grabbed him from behind, threw him to the ground, jumped on him and twisted his arms and shoulder despite his pleas for him to stop due to his pre-existing conditions.  The Plaintiff was severely injured. (*See*, Amended Complaint, Paragraphs 15-21).

In *Okwa v Harper, supra*, a case similar in many ways to this one,  the plaintiff became involved in an altercation at Baltimore Washington International Airport over a ticket. Defendant police officers arrived at the counter and demanded that he leave.  The plaintiff attempted to explain that he had a valid ticket and wanted to board the flight.  Without warning, the police officers handcuffed him and dragged him away from the ticket counter. After exiting the terminal, the plaintiff was forced to the ground and later struck in the head. Based upon the plaintiff's version of the events  the Court of Appeals of Maryland held that the jury:

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 14 -

> . . . could infer reasonably that [the officers] were motivated by an improper motive or that they had an affirmative intent to bring harm to [him] . . . it would not be unreasonable for a fact finder to infer that [the officers] were motivated by an extreme and over zealous desire to punish [him] for failing to obey immediately their instructions to walk way from the ticket counter and exit the terminal. The alleged fact, if believed, that peace officers beat a citizen about his head and neck while they twisted his thumbs, could support an inference that [the officers] were inspired by malicious intention. Such behavior fits the type of conduct which would strip the actor's immunity otherwise provided under the MTCA. *Id*. 360 Md. at 182, 757 A.2d at 129.

Similarly, in *Town of Port Deposit* the Court held that from the facts pled that the defendant police officer had chased the Plaintiff's car which was being driven erratically, an inference of malice could be drawn that the defendant became enraged at what appeared to him to have been the plaintiff's grossly negligent conduct. *Town of Port Deposit vs. Petit*, 113 Md. App 401,417-18 , 688 A.2d 54, 62-3 (Md.App. 1997).

As applied to the present case, the facts as pled by the Plaintiff show that he approached Defendant McGeeney who had a suspect in custody. When the Plaintiff asked for his assistance, Defendant McGenney told him that he was busy. After a while, the Plaintiff began to walk away and was tackled and thrown violently to the ground by three police officers who jumped on him, twisted his arms and shoulder and caused him severe injury. Two separate inferences of malice can be drawn from these facts. One, that Defendant McGenney became angry because he perceived that Plaintiff had interfered with him in the execution of his duties, or two, that Defendant McGenney had intended Plaintiff to stay where he was. Walking away from him was perceived by Defendant McGeeney as a

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

showing of disrespect to him which motivated his anger. Either of these facts, if believed, along with the nature of the assault by the police and the severe injuries sustained by the Plaintiff, supports an inference that Defendant McGenney was inspired with malicious intent and precludes a finding of qualified immunity regarding the state law claims.

**D.    State Constitutional Claims and State Law Tort Claims Against Town Council of Centreville**

Defendant Town Council of Centreville, Inc. states that under the Local Government Tort Claims Act (Annotated Code of Maryland, Courts and Judicial Proceedings Article, Section 5-301 *et seq.*) it is entitled to assert the immunities of available to Defendant McGeeney. It claims that Defendant McGenney is immune from suit because the Plaintiff has failed to plead sufficient facts to allege that he acted with malice. Therefore it is immune from the Plaintiff's state law claims. If Defendant McGenney has no immunity under this theory, neither does the Town Council of Centreville, Inc.

As discussed in the preceding section, Defendant McGeeney is not entitled to qualified immunity because that doctrine does not apply to state constitutional law or intentional tort violations. Even if it does apply, Plaintiff has plead sufficient facts to show that Defendant McGeeney acted with malice to preclude a finding as a matter of law that qualified immunity applies. Since Defendant McGeeney has no immunity, Defendant Town Council of Centreville, Inc. cannot rely on qualified immunity.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 16 -

**E.   Negligent Hiring, Retention and Supervision State A Cause of Action and Should Not Be Dismissed**

The Defendants next move to dismiss Count XIII.  The Defendants focus on only one of the three allegations therein that, is negligent hiring.  It alleges that because the Complaint failed to allege that the Town Council failed to make a reasonable inquiry of the Defendant's background and that as a direct and proximate result of that failure, the harm occurred, the Count should be dismissed.  The Defendant overlooks the fact that in addition to the selection of Defendant McGenney, the Defendant Town Council is charged with failure to train and supervise him and that as a direct result of those three things, the Plaintiff was injured.  He states sufficient facts to sustain the Count.

**III.   PUNITIVE DAMAGES ARE PERMISSIBLE AGAINST DEFENDANT MCGEENEY**

The Defendants are correct that the *City of New Port v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748 (1981) precludes punitive damages against local municipalities.  Although the Defendants cite the Annotated Code, Courts and Judicial Proceedings Article, Section 5-522 as statutory support for its position that punitive damages are not allowed against the Town Council, that section does not apply. It applies only to State units.  However, the Local Government Tort Claims Act does provide such immunity (Annotated Code of Maryland, Courts and Judicial Proceedings Article, Section 5-303(c)(1)).

Punitive damages are , however, permissible against Defendant McGenney if he acted with malice. <u>Clea vs. Baltimore</u>, 312 Md. 662, 541 A.2d 1303 (1988).

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

**WHEREFORE**, for the foregoing reasons, the Plaintiff respectfully requests that this Honorable Court deny the Defendants' Motion to Dismiss exception those portions of the Complaint against the Town Council of Centreville, Inc. which request punitive damages.

McCARTHY & COSTELLO, L.L.P.

By: _____
MICHAEL L. SANDUL
One Town Center
4201 Northview Drive
Suite 410
Bowie, Maryland 20716
(301) 262-7422

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 18 -

TABLE OF AUTHORITIES

CASE LAW

*Ashton v Brown*, 339 Md. 70, 660 A.2d 447 (1995)......................................................... 13

*Barnhard v State*, 325 Md. 602, 602 A.2d 701 (1992)....................................................... 4

*Baynard v State*, 318 Md. 531, 569 A.2d 652 (1990).......................................................... 7

*City of New Port v Fact Concerts, Inc.* 453 U.S. 247, 101 S.Ct. 2748 (1981).................... 17

*Clea v City of Baltimore*, 312 Md. 662, 541 A.2d 1303 (1988).......................... 11,12,13-14,17

*Diehl v State*, 294 Md. 466, 451 A.2d 115 (1982)............................................................. 8

*Graham v Connor*, 490 U.S. 386, 109 S.Ct. 1865 (1989)................................................. 5,6

*Lee v Cline*, 149 Md. App. 38, 814 A.2d 86 (Md. App. 2002).......................................... 11,12

*Okwa v Harper*, 360 Md. 161, 757 A.2d 118 (1999)................................................. 12-13,14-15

*Rowland v Perry*, 41 F.3rd. 167 (4th Cir. 1994)................................................................ 5-6

*Tavakoli-Nouri v State*, 139 Md. 716, 779 A.2d 992 (Md. App. 2001)............................. 13

*Town of Port Deposit v Petit*, 113 Md.App. 401, 688 A.2d 54 (1997).............................. 15

*United Mine Workers of America v Gibbs*, 383 U.S. 715, 86 S.Ct. 1130 (1966).............. 9

RULES

F.R.C.P. 8............................................................................................................................ 4

F.R.C.P. 12.......................................................................................................................... 4

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

STATUTES

Annotated Code of Maryland, Article 27, Section 121......................................................... 7

Annotated Code of Maryland, Courts and Judicial Proceedings
    Article, Section 5-302.......................................................................................... 11

Annotated Code of Maryland, Courts and Judicial Proceedings
    Article, Section 5-303.......................................................................................... 11,14,17

Annotated Code of Maryland, Courts and Judicial Proceedings
    Article, Section 5-522.......................................................................................... 10,17

Annotated Code of Maryland, State Government Article, Section 12-101..................... 10

Annotated Code of Maryland, Transportation Article, Section 21-801........................... 4

OTHER AUTHORITY

Baicker-McKee et. al., Federal Civil Rules Handbook, 2002............................................. 2

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562