IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DARRELL A. BRITTINGHAM : | |
| : | |
| vs. : | |
| : | **CASE NO.:** AMD-02CV4055 |
| JOSEPH E. McGEENEY, CHARLES GREENE, : | |
| JOHN HEDDINGER and TOWN COUNCIL OF : | |
| CENTREVILLE, INC. : | |
| : | |

**DEFENDANT OFFICER JOHN MCGEENEY AND TOWN COUNCIL OF CENTREVILLE, INC.'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Officer Joseph McGeeney and Town Council of Centreville, Inc., by and through their undersigned counsel, pursuant to Local Rule 105.1, submit the following Reply Memorandum in Support of their Motion to Dismiss:

**I. Argument**

    **A. Plaintiff's Claim for Unlawful Arrest is Improper And Should Be Dismissed**

Plaintiff contends that his claim for unlawful arrest is proper because there are no facts in the complaint which indicate that a reasonable police officer would have cause to believe that plaintiff committed the offenses of negligent driving, hindering arrest, resisting arrest, or driving while intoxicated. (Exhibit A-Amended Complaint Paragraph 11). This contention is simply without merit, as the fact that plaintiff's complaint states that plaintiff accelerated when approaching Officer McGeeney indicates that a reasonable officer would have cause to believe plaintiff was in the process of committing the offenses of negligent driving and driving while intoxicated. Further, the fact that plaintiff's complaint states that he resisted officer McGeeney while being restrained in lieu of being arrested indicates that a reasonable officer would have

cause to believe plaintiff committed the offenses of hindering arrest and resisting arrest. (Exhibit A-Paragraph 19). Moreover, the acts Plaintiff was convicted of, speeding and disorderly conduct, while being committed, were sufficient to warrant Officer McGeeney's belief that Plaintiff was also driving while intoxicated and negligently driving. The fact that Plaintiff was not ultimately convicted of negligent driving and driving while intoxicated is immaterial, as probable cause does not require evidence necessary to convict. Porterfield v. Lott, 156 F.3d 563 (4th Cir. 1998).

Plaintiff further contends that Plaintiff's conviction for disorderly conduct does not justify his arrest. In support of this contention, Plaintiff argues that Defendants "assume that the disorderly conduct of which Plaintiff was convicted took place before Plaintiff was arrested", and that "it is just as likely that the disorderly conduct occurred after Plaintiff was arrested." If Plaintiff contends he committed the crime of disorderly conduct after he was arrested, Plaintiff must plead those facts in his complaint. Plaintiff cannot now attempt to make a smoke and mirrors suggestion that he engaged in the disorderly conduct after his arrest. Plaintiff's burden, in making a claim for false arrest, is to prove that there was no probable cause to support his arrest. Plaintiff cannot fail to plead facts which would support a finding that there was a lack of probable cause to make an arrest, and then try to suggest that things could have happened a way that is contrary to the facts he pleaded in his complaint. To the contrary, when ruling on a motion to dismiss the court is testing the formal sufficiency of the complaint and reasonable inferences therefrom, not the plaintiff's ability to suggest facts that he failed to plead, and inferences that do not reasonably flow from the facts he did plead. See Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil 2d. Sec. 1342 at 161.

PH051908.1

Further, it is not reasonable to draw the inference that Plaintiff engaged in disorderly conduct after his arrest.  To the contrary, it is reasonable to draw the inference that Plaintiff's disorderly conduct occurred before his arrest, and that such conduct contributed to why he was arrested.  Prior to arrest an individual has more opportunity to engage in conduct which could be construed as disorderly because the individual has not been restrained and/or handcuffed and taken into police custody.  Conversely, after arrest an individual has limited opportunity to engage in disorderly conduct as he has already been restrained by police and his ability to move about unrestrained is limited and/or prohibited.

Accordingly, it would be reasonable to infer that Plaintiff did engage in disorderly conduct prior to arrest.  Moreover, Plaintiff would not have been justified in resisting arrest, as the arrest at issue was not unlawful.  Resisting arrest is only justified when the arrest was made without probable cause.  <u>Barnhard v. State</u>, 325 Md. 602 (1992).  As stated above, Officer McGeeney clearly had probable cause to arrest plaintiff, thus Plaintiff's resistance to that arrest was unjustified.  Defendants do not, as Plaintiff suggests, contend that Plaintiff must submit a complaint of "book length."  Defendants merely contend that Plaintiff allege facts sufficient to sustain his causes of action, a task which Plaintiff has failed to do.  Accordingly, Plaintiff's claim for unlawful arrest should be dismissed for failure to state a claim upon which relief may be granted.

**B. <u>Plaintiff's Excessive Force Claim is Improper And Should Be Dismissed</u>**

Plaintiff contends that Officer McGeeney argues that Plaintiff's convictions for speeding and disorderly conduct justified the alleged use of excessive force against Plaintiff.   Officer

PH051908.1

McGeeney denies that the use of any force against Plaintiff was "excessive." Further, Defendants do not argue that Plaintiff's convictions for speeding and disorderly conduct justify the alleged use of excessive force against Plaintiff. To the contrary, Defendants argue that the facts that Plaintiff was in fact speeding, engaging in disorderly conduct at the time of his arrest, and actively resisting arrest support the conclusion that Officer McGeeney's actions were objectively reasonable. With respect to whether Plaintiff's disorderly conduct was a threat to the safety of Officer McGeeney or others, Plaintiff suggests that "there are a variety of non-violent and generally harmless actions which fall within the prohibitions" of the disorderly conduct statute. By making this argument, Plaintiff attempts to infer that there is a chance that Plaintiff's disorderly conduct was not a threat to the safety of the officers involved or others. However, Plaintiff's complaint plainly fails to allege that the disorderly conduct of which Plaintiff was convicted was non-violent disorderly conduct which did not pose a threat to others. The standard for an excessive force claim is whether the officer's actions were objectively reasonable considering whether there was a threat to the safety of the officers or others, the severity of the offense, and whether the person was actively resisting arrest. See Graham v. Connor, 490 U.S. 386 (1989). Plaintiff's failure to plead facts necessary to show that his conduct was not a threat to the safety of the officers involved or bystanders, and Plaintiff's concession that he did in fact resist arrest clearly fails to provide a set of facts under which Plaintiff can recover for an excessive force claim.

     Further, it is not reasonable to infer that the resistance Plaintiff says he offered while being arrested was not "active." Contrary to Plaintiff's characterization of the resistance he offered, Plaintiff's complaint first mentions his resistance to arrest when it states that Plaintiff

told Officers McGeeney, Green and Heddinger to "cease and desist" while he was being arrested. (Amended Complaint-Paragraph 19). Plaintiff's complaint then goes on to state that he offered no resistance until the Officers "ignored his cries to cease and desist." (Exhibit A-Amended Complaint-Paragraph 20). While Plaintiff obviously does not consider his cries to "cease and desist" to constitute resistance to arrest, Defendant Officer McGeeney contends that Plaintiff's cries to "cease and desist" were a verbal form of resisting arrest. As Plaintiff was already verbally resisting arrest, it is reasonable to infer that Plaintiff's next form of resistance was "active" as he admittedly had already been verbally resisting arrest. Therefore, it is not reasonable to draw the inference that Plaintiff did not "actively" resisting arrest. Accordingly, Plaintiff fails to allege sufficient facts to make out a claim for excessive force, and Plaintiff's excessive force claim should be dismissed.

  **C. Plaintiffs Fourteenth Amendment Claims are Improper And Should Be Dismissed**

Succinctly, Plaintiff's complaint fails to allege any facts to support a due process claim for detention before trial. Plaintiff's Fourteenth Amendment claims are improper, and should therefore be dismissed.

  **D.  Plaintiff Has Failed To State A Section 1983 Claim Against the Town Council of Centreville As A Result of A Municipal Policy or Custom**

Plaintiff contends that an alleged policy or custom of the Town Council of Centreville caused his injuries. However, a claim of municipal liability requires the identification of a government policy or custom and a causal connection between the policy or custom and the alleged unconstitutional injury. <u>Mason v. Mayor and City Council of Baltimore</u>, 1995 U.S. Dist. LEXIS 4443, *5 (D.MD. 1995). As is evidenced in Plaintiff's complaint, Plaintiff failed to

PH051908.1

identify the specific government policy or custom alleged to have caused Plaintiff's injury. More importantly, however, Plaintiff has failed to demonstrate a causal link between the constitutional deprivation alleged and the specific alleged municipal custom or policy which Plaintiff claims caused his injury. As identification of the specific policy or custom complained of is a requirement to assess liability to a municipality, Plaintiff's complaint fails to state a Section 1983 claim against the Town Council of Centreville, and Plaintiff's Section 1983 Claim against the Town Council of Centreville should be dismissed.

## II. Plaintiff's State-Law Claims Are Improper And Should Be Dismissed

### A. State Constitutional Claims and State Law Tort Claims Against Officer McGeeney Are Improper and Should Be Dismissed

Plaintiff suggests that Officer McGeeney is not entitled to qualified immunity for Plaintiff's state constitutional law claims and state tort law claims pursuant to Clea v. City of Baltimore, 312 Md. 662 (1988). Plaintiff further suggests that Lee v. Cline (granting qualified immunity for acts a deputy sheriff committed in violation of state constitutional provisions), 149 Md. App. 38 (Md. App. 2002) is not applicable to the case at bar. Plaintiff is incorrect, as Lee is applicable to the case at bar, and should operate to grant Officer McGeeney qualified immunity.

In Lee the court analyzed the implications of the MTCA with respect to the qualified immunity of state personnel for tortious acts. In analyzing this statute, the court noted that no exception had been carved out in the MTCA for constitutional torts as opposed to non-constitutional torts. Likewise, the court also noted that the LGTCA, in granting qualified immunity for tortious acts committed by public officials of a municipality, also fails to carve out an exception for constitutional torts as opposed to non-constitutional torts. As neither the MTCA

PH051908.1

nor the LGTCA carve out exceptions for constitutional torts, and as Lee effectively nullifies the common law distinction between immunity granted for constitutional torts and non-constitutional torts with respect to the MTCA, Lee should be read to apply to both the MTCA, and the LGTCA.

Moreover, in Town of Port Deposit v. Petetit, 113 Md. App. 401(1997) the Maryland Court of Special Appeals tackled a situation similar to the case at bar. In Port Deposit a motorist and his wife sued the town of Port Deposit and the chief of police of the town, alleging constitutional and non-constitutional violations because of the police chief's alleged conduct. Citing Clea, the court stated that in the absence of a statute, an official who violates an individual's rights under the Maryland Constitution is not entitled to any immunity, and ... the presence or absence of malice is pertinent only to the question of punitive damages. The court went on to state that there is a statutory immunity that was applicable to that case, that of Maryland Code Ann. Cts. & Jud. Proc. Art. Section 5-321(b)(1). This section provides that an official of a municipal corporation, while acting in a discretionary capacity without malice and within the scope of the official's authority, is immune as an official or individual from civil liability for the performance of the action. The court further stated that Section 5-321 (b)(1) of the Courts and Judicial Proceedings article has an important operative effect on Maryland constitutional and non-constitutional claims against sworn law enforcement officers of a municipal corporation's police department, as it assigns to the plaintiff the burden of pleading and proving that the defendant-officer acted with "malice". Thus, this statute exists to afford Officer McGeeney immunity, as Clea's statement with respect to the lack of immunity for the commission of state constitutional torts will only be operative "in the absence of a statute."

Plaintiff's reliance on Clea is misplaced. In Clea the court specifically declined to address whether the Maryland Tort Claims Act gave state personnel qualified immunity against constitutional torts. The Clea court simply footnoted its opinion with the common-law rule that public officials were not entitled to qualified immunity for violations of state constitutional rights. The Clea court did not decide whether public officials were entitled to qualified immunity under the MTCA because that issue was not before the court.

Even if police officers of a municipality are not entitled to qualified immunity for state constitutional torts committed within the scope of their law enforcement duties, Plaintiff has still failed to allege facts to sustain his state constitutional claims against Officer McGeeney. As explained above, Plaintiff has simply failed to allege facts which support his state constitutional law claims against Officer McGeeney and the Town Council of Centreville. While Plaintiff makes numerous legal conclusions, Plaintiff does not allege facts to support those conclusions, and therefore fails to sustain a claim for state constitutional violations against Officer McGeeney and the Town Council of Centreville.

### B.  State Constitutional Claims and State Law Tort Claims Against Town Council of Centreville Are Improper and Should Be Dismissed

As stated above, Plaintiff has plainly failed to plead sufficient facts to show that Officer McGeeney acted with malice. Plaintiff has therefore failed to allege facts which would overcome Officer McGeeney's qualified immunity. According to the Local Government Tort Claims Act (LGTCA) MD. Code Ann., Cts. & Jud. Proc. Section 5-301 et seq., the Town is given the benefit of its employees' defenses and immunities. See also Jesse Williams, Jr. v. Prince George's County, 112 Md. App. 526; 685 A.2d 884; 1996 Md. App. LEXIS 168, *35. Therefore, as the Town Council of Centreville is entitled to assert the immunities available to Officer McGeeney,

PH051908.1

the Town Council of Centreville is immune from liability for Plaintiff's state constitutional claims and state law tort claims, and said claims should be dismissed.

### C.  Plaintiffs Claim For Negligent Hiring, Retention and Supervision is Improper And Should Be Dismissed

Plaintiff contends that he asserts sufficient facts to sustain a claim for negligent hiring, retention and supervision.  To establish a cause of action in negligence, Plaintiff must prove the existence of a duty owed by a defendant to him, a breach of that duty, a legally cognizable causal relationship between the breach of duty and the harm suffered, and damages.  Cramer v. Housing Opportunities Commission of Montgomery County, 304 Md. 705; 501 A.2d 35; 1985 Md. LEXIS 892, *9 (1985).  Plaintiff's complaint was devoid of facts which would support a claim for negligent hiring.  Plaintiff contends that he was injured as a result of the Town Council's alleged three offenses of negligent hiring, retention and supervision of Officer McGeeney.  Plaintiff, however, fails to allege facts necessary to show that he was injured as a direct result of all three of these alleged acts because he fails to allege facts to support a claim for negligent hiring.  Plaintiff cannot hope to allege the facts necessary to show that he was injured as a result of all three of these alleged activities if he cannot first allege facts which show that the Town Council of Centreville engaged in all three of the activities at all.  In short, Plaintiff fails to allege breach of duty and causation, two necessary elements of a cause of action for negligence.  Accordingly, Plaintiff's claim for negligent hiring, retention and supervision is improper and should be dismissed.

### III.  Punitive Damages Are Not Permissible Against Officer McGeeney or the Town Council of Centreville

Plaintiff concedes that <u>City of New Port v. Fact Concerts, Inc.</u> 453 U.S. 247 (1981) precludes punitive damages against local municipalities.  Plaintiff contends that punitive damages are permissible against Officer McGeeney if he acted with malice.  <u>Clea v. Baltimore</u>, 312 Md. 662 (1988).  However, as discussed above, Plaintiff has not alleged facts sufficient to show that Officer McGeeney acted with malice.  Accordingly, punitive damages are not permissible against Officer McGeeney, and Plaintiff's claim for punitive damages should be dismissed.

**WHEREFORE**, for the foregoing reasons, Defendants Officer Joseph McGeeney and the Town Council of Centreville respectfully request that this Honorable Court grant their Motion To Dismiss.

        **MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**

    **BY:** _____

        **Michael T. Hamilton, Esquire**
        The Bonaparte Bldg.
        8 E. Mulberry Street
        Baltimore, MD 21202-2105
        **(410) 385-8335**

        **Attorney for**: Officer Joseph McGeeney and Town Council of Centreville, Inc.

**CERTIFICATE OF SERVICE**

The undersigned certified that, on this **27th** day of **May, 2003**, a copy of the foregoing Defendants Officer Joseph E.. McGeeney and Town Council of Centreville, Inc's Reply Memorandum in Support of their Motion to Dismiss Plaintiff's Amended Complaint was served by first-class mail, postage prepaid to:

**Michael L. Sandul, Esquire**
McCarthy & Costello, LlP
One Town Center Drive - Suite 410
Bowie, MD 20716-2668

**John F. Breads, Jr., Esquire**
7172 Columbia Gateway Drive - Suite E
Columbia, MD 21046

          **MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**

          BY: _____
          **Michael T. Hamilton, Esquire**
          The Bonaparte Bldg.
          8 E. Mulberry Street
          Baltimore, MD 21202-2105
          **(410) 385-8335**
          **Attorney for**: Officer Joseph McGeeney and Town Council of Centreville, Inc.

PH051908.1