Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DARRELL A. BRITTINGHAM<br>312 Ewington Road<br>Church Hill, Maryland 21623 | * <br> * <br> * <br> * |
| Plaintiff | * <br> * |
| v. | * .    **Case No.: AMD 02 CV 4055** <br> * |
| JOSEPH E. MCGEENEY<br>113 Overlook Drive<br>Queenstown, Maryland 21658 | * <br> * <br> * <br> * <br> * |
| and | * <br> * |
| CHARLES GREENE<br>626 Main Street<br>Church Hill, Maryland 21623 | * <br> * <br> * <br> * |
| and | * <br> * |
| JOHN Heddinger<br>505 Railroad Avenue<br>Centreville, Maryland 21617 | * <br> * <br> * <br> * |
| and | ' |
| TOWN COUNCIL OF<br>CENTREVILLE, INC.<br>101 Lawyers' Row<br>Centreville, Maryland 21617 | * <br> * <br> * <br> * <br> * |
| Serve:<br>Donna S. Turner. President<br>Town Council of Centreville, Inc.<br>101 Lawyers' Row<br>Centreville, Maryland 21617 | * <br> * <br> * <br> * <br> * |
| Defendants | * |

*   *   *   *   *   *   *   *   *   *   *   *   *

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

03/12/2003 11:59 FAX 2157737725          SUMMIT RISK SERVICES                    ☑003

## AMENDED COMPLAINT

1.      This is a civil action seeking damages against Defendants for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States; for conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws; and for refusing or neglecting to prevent such deprivation and denials to Plaintiff.  The Court has jurisdiction of this action under 42 U.S.C. Section 1983 and 28 U.S.C. Sections 1343 and 1367.

2.      The Court also has jurisdiction under 28 U.S.C. Section 1331.

3.      Plaintiff, Darrell A. Brittingham is a citizen of and resident of the town of Church Hill, State of Maryland and the United States of America.

4.      Defendant, Town Council of Centreville, Incorporated, is a Municipal Corporation, organized under the laws of the State of Maryland.

5.      Defendant, Joseph E. McGeeney was a police officer employed by the Centreville Police Department.

6.      Defendants, Charles Greene and John Heddinger were deputy sheriffs employed by the Queen Anne County Sheriff's Department.

7.      Plaintiff sues Defendant McGeeney in his individual and official capacities, and Defendants Greene and Heddinger in their individual capacities.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 2 -



8.      At all times material to this Complaint, Defendants Joseph A. McGeeney, Charles Greene, and John Heddinger acted under color of the statutes, customs, ordinances, and usage of the State of Maryland, Town Council of Centreville, Inc., Queen Anne's County, Town of Centreville Police Department, and Queen Anne County Sheriff's Department.

9.      At all times material, there was a policy in existence whereby deputy sheriffs from the Queen Anne's County Sheriff's Department would respond and assist police officers from the Centreville Police Department in all matters of domestic disturbance or other calls requesting back-up and assist in enforcing the laws on behalf of the Town Council of Centreville, Inc. and the Centreville Police Department.

## COUNT I

(Federal Civil Rights Violations - Defendants McGeeney, Greene and Heddinger)

10.     On or about December 19, 1999, at approximately 2:38 a.m., Plaintiff was the operator of an automobile on Kidwell Avenue, Centreville, Maryland when his car was struck by one or more objects thrown by unknown individuals in the vicinity.

11.     Fearing for his safety, Plaintiff accelerated and turned onto Brown Street, Centreville, Maryland.

12.     After entering onto Brown Street, Plaintiff observed two unoccupied police cars stopped alongside of the road.

13.     Plaintiff stopped his car and asked civilians standing in the vicinity for the location of the police officers in an effort to find the police and to report the incident mentioned in paragraph 10, above and receive the assistance of the police in investigating the matter.

14.     Defendant McGeeney called to Plaintiff and Plaintiff walked toward him.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
Phone 301-262-7422
FAX 301-262-0582

- 3 -



15.    Upon reaching a point approximately twelve feet from Defendant McGeeney, Plaintiff observed that Defendant McGeeney had an unknown suspec secured in handcuffs on the ground.

16.    Plaintiff told Defendant McGeeney about his car having been struck and requested that action be taken.  Defendant McGeeney told Plaintiff that he was busy.

17.    After waiting for Defendant McGeeney for a period of time, Plaintiff decided to return to his car and drive to his home.

18.    As he walked to his car, Defendants McGeeney, Greene and Heddinger, without provocation, cause, excuse, or explanation, grabbed Plaintiff from behind and threw him to the ground , jumped on him, jammed their knees into his back, violently grabbed his arm and jerked is shoulder.

19.    Plaintiff offered no resistance until Defendants McGeeney, Greene and Heddinger ignored Plaintiff's cries for them to cease and desist because he had  preexisting back and shoulder conditions that  were causing him great pain due to the actions of the Defendants.

20.    Not withstanding the protestations of the Plaintiff, the Defendants continued to violently press their knees into the Plaintiff's back and twist and pull Plaintiff's arm.

21.    As a result of the assault, the plaintiff sustained a recurrent dislocation of the left shoulder that required surgical reconstruction and a failed fusion at the L5- S1 vertebras that required  decompression  and  fusion  of  L4  to  the  sacrum  and  surgical  installation  of instrumentation.

Mc   AY
&
COSTELLO
L.L.P
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 4 -



22.    Defendant McGeeney took Plaintiff to the Maryland State Police barracks, Centreville, Maryland where he was placed into ? cell naked ad left until approximately 7:30 a.m. when he was taken to the Centreville Police Department, and further threatened by Defendant McGeeney

23.    Plaintiff was finally taken to the Court Commissioner where he was advised of the charges and released on his own recognizance at approximately 9:00 a.m..

24.    Defendant McGeeney swore out a complaint charging Plaintiff with common law hindering arrest, common law resisting arrest, disorderly conduct, driving a vehicle in excess of reasonable and prudent speed, negligent driving and driving while intoxicated. After a trial in the District Court of Maryland for Queen Anne's County, Plaintiff was found not guilty of negligent driving, common law hindering arrest, common law resisting arrest, and driving while intoxicated. He was foun ꞏ guilty ꞏ ꞏ disorderly conduct and of driving a vehicle in excess of reasonable and prudent speed

25.    As a result of his unlawful and malicious physical abuse of Plaintiff, Defendant McGeeney, in concert with Defendants Greene and Heddinger intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, subjected Plaintiff to the application of unnecessary, unreasonable and unjust use of force against him before and during the course of his arrest, deprived Plaintiff of his right to equal protection of the laws and impeded the due course of justice, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Section 1983.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE MD 20716
PHONE 301-262-7422
FAX 301-262-0562

03/12/2003 11:59 FAX 2157737725          SUMMIT RISK SERVICES                        ☒007



WHEREFORE, Plaintiff Darrell A. Brittingham demands judgment against Defendant Joseph E. McGeeney, individually and in his capacity as a police officer for Defendant, Town Council of Centreville, Inc.; Defendant Charles Greene, individually while acting on behalf of the Town Council of Centreville, Inc.; Defendant John Heddinger, individually while acting on behalf of the Town Council of Centreville, Inc., jointly and severally, for compensatory damages in the amount of $1,000,000.00 and further demands judgment against Defendant Joseph E. McGeeney, individually and in his capacity as a police officer for Defendant, Town Council of Centreville, Inc.; Defendant Charles Greene, individually while acting on behalf of the Town of Centreville; Defendant John Heddinger, individually while acting on behalf of the Town Council of Centreville, Inc., jointly and severally, for punitive damages in the amount of $5,000,000.00, plus the costs of this action, attorney's fees and such other relief as the Court deems just and equitable.

## COUNT II

(Federal Civil Rights Violation - Defendants McGeeney, Greene and Heddinger)

26.    Plaintiff re-alleges paragraphs 1- 25, as if fully set forth herein.

27.    The arrest of Plaintiff by Defendants McGeeney, Greene and Heddinger was without reasonable grounds for said Defendants to believe Plaintiff had committed the offenses of common law hindering arrest or driving while intoxicated and Defendants McGeeney, Greene and Heddinger knew they were without probable cause to arrest Plaintiff.

28.    Neither at the time of the arrest nor at any time prior to the battery upon him, was Plaintiff informed of the grounds for said arrest.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562



29.     Plaintiff was transported to the Maryland State Police, Centreville barracks and later to the Centreville Police Department as stated in paragraphs 22 - 23, where he was incarcerated for approximately six and one-half hours and was not allowed to call an attorney, family or friends and was not released until approximately 9:00 a.m..

30.     As a result of his unlawful and malicious arrest of Plaintiff, Defendants McGeeney, Greene and Heddinger deprived Plaintiff of his liberty without due process of law and deprived him of equal protection of the laws, in violation of the  Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Section 1983.

31.     As a result of his unlawful and malicious detention and confinement of Plaintiff, Defendant McGeeney intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of his liberty without due process of law and deprived him of equal protection of the laws, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Section 1983.

WHEREFORE, Plaintiff Darrell A. Brittingham demands judgment against Defendant Joseph E. McGeeney, individually and in his capacity as a police officer for Defendant, Town Council of Centreville, Inc.; Defendant Charles Greene, individually while acting on behalf of the Town Council of Centreville, Inc.; Defendant John Heddinger, individually while acting on behalf of the Town Council of Centreville, Inc., jointly and severally, for compensatory damages in the amount of $1,000,000.00 and further demands judgment against Defendant Joseph E. McGeeney, individually and in his capacity as a police officer for Defendant, Town Council of Centreville, Inc.; Defendant Charles Greene, individually while  acting on behalf of the Town Council of Centreville, Inc.; Defendant John Heddinger, individually while acting on behalf of

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562



the Town Council of Centreville, Inc., jointly and severally, for punitive damages in the amount of $5,000,000.00, plus the costs of this action, attorney's fees and such other relief as the Court deems just and equitable.

## COUNT III

### (Federal Civil Rights Violation - Town Council of Centreville, Inc.)

32.    Plaintiff re-alleges paragraphs 1- 31, as if fully set forth herein

33.    At all times relevant to this Complaint Defendant McGeeney was acting under the direction and control of Defendant Town Council of Centreville, Inc..

34.    Acting under color of law and pursuant to official policy or custom, Defendant Town Council of Centreville, Inc., knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis Defendant McGeeney in his duties to refrain from (1) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights , privileges and immunities; (2) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights , privileges and immunities; (3) unlawfully and maliciously assaulting and beating a citizen or otherwise using unreasonable or excessive force before, during and after the making of an arrest, whether the arrest was lawful or unlawful; (4) conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Maryland; and (5) otherwise depriving the Plaintiff of his constitutional and statutory rights, privileges and immunities.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-1442
FAX 301-262-0562

- 8 -

03/12/2003 12:00 FAX 2157737725        SUMMIT RISK SERVICES        ☐010



35.    Defendant Town Council of Centreville, Inc. had knowledge or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs done, as heretofore alleged, were about to be committed. Defendant Town Council of Centreville, Inc. had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference or callous disregard of Plaintiff's rights failed or refused to do so.

36.    Defendant Town Council of Centreville, Inc. , directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant McGeeney heretofore described.

37.    As a direct and proximate cause of the acts of Defendant Town Council of Centreville, Inc., as set forth in paragraphs 32 - 35, above, Plaintiff suffered physical injury, loss of income, medical expenses, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendment of the Constitution of the United States and protected by 42 U.S.C. Section 1983.

WHEREFORE, Plaintiff Darrell A. Brittingham, demands judgement against Defendant Town Council of Centreville, Inc., for compensatory damages in the amount of $1,000,000.00 and for punitive damages in the amount of $5,000,000.00, plus the costs of this action, attorneys fees, and such other relief as the Court deems just and equitable.

## COUNT IV

(State Civil Rights Violation - Defendants McGeeney, Greene and Heddinger)

38.    Plaintiff re-alleges paragraphs 1 - 37, as if fully set forth herein.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE #10
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

39.     This is, in part, an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to Plaintiff by the Declaration of Rights of Maryland of the Constitution of Maryland, including but not limited to Articles 2, 19, 24, and 26, and arising under the law and statutes of Maryland.

40.     During all times mentioned herein, Defendants McGeeney, Greene and Heddinger, separately and in concert, engaged in the illegal conduct herein mentioned, to the injury of the Plaintiff and deprived the Plaintiff of his then existing and clearly established rights, privileges, and immunities secured to him by the Declaration of Rights of the Constitution of the State of Maryland, including but not limited to Articles 2, 19, 24, and 26, and arising under the laws and statutes of the State of Maryland.

41.     Defendants McGeeney, Greene and Heddinger acting under color of law, have subjected Plaintiff to conduct consisting of the use of unreasonable, unnecessary, and excessive force, and police misconduct and false imprisonment, in denial of rights, privileges, and immunities guaranteed to the Plaintiff by the Constitution of the State of Maryland.

42.     This conduct consisted of acts of excessive force, improper supervision, police misconduct, and use of unnecessary and unreasonable force (specifically including, but not limited to, failure to follow proper protocol and procedure in restraining a suspect, failure to use or attempt to use force appropriate to the suspected offense, failure to use force proportionate to the extent of resistance offered, failure to take reasonable and appropriate steps which would reasonably have prevented the need to use force at the outset, failure to adequately assess the need to use force, failure to adequately assess the need for self-defense, failure to warn Plaintiff, either by vocal command or other means, of the potential use of force, and failure to follow proper

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 10 -



police procedure and protocol ) which was visited upon the Plaintiff by Defendant McGeeney, as a member of the Centreville Police Department, and Defenants Greene and Heddinger, members of the Queen Anne's County Sheriff's Department but acting as individuals and agents and employees of Defendant Town Council of Centreville, Inc., acting under color of law. These acts of violence, while carried out under color of law, had no justification or excuse in law, and were instead gratuitous, illegal, improper, objectively unreasonable, and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

43.    Defendants McGeeney, Greene and Heddinger acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, knowingly, and purposefully with specific intent to deprive Plaintiff of his rights, privileges, and immunities secured to him by the Constitution of the State of Maryland, including, but not limited to, the following: freedom from illegal detention or imprisonment; freedom from excessive use of force; freedom from physical abuse, coercion and intimidation; the right to due process; the right to life, the right to liberty; and the right to property; and, freedom from unreasonable searches and seizures. All of these rights are secured to the Plaintiff by the provisions of the Declaration of Rights of the Constitution of the State of Maryland.

44.    The acts alleged herein were intentionally performed, without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure Plaintiff.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 11 -

45.     As a direct and proximate result of the aforesaid acts of the Defendants and of each of them, Plaintiff suffered great past, present and future bodily pain and injury about his head body and limbs, great past, present and future mental anguish, past, present, and future loss of work, wages and property, and past, present and future medical care and treatment, and pain and suffering.

WHEREFORE, Plaintiff Darrell A. Brittingham demands judgment against Defendant Joseph E. McGeeney, individually and in his capacity as a police officer for Defendant, Town Council of Centreville, Inc.; Defendant Charles Greene, individually while acting as agent and servant of Defendant Town Council of Centreville, Inc.; and Defendant John Heddinger, individually while acting as agent and servant of Defendant Town Council of Centreville, Inc., jointly and severally, for compensatory damages in the amount of $1,000,000.00 and further demands judgment against Defendant Joseph E. McGeeney, individually and in his capacity as a police officer for Defendant, Town Council of Centreville, Inc.; Defendant Charles Greene, individually while acting as agent and employee of Defendant Town Council of Centreville, Inc.; and, Defendant John Heddinger, individually while acting as agent and employee of Defendant Town Council of Centreville, Inc., jointly and severally, for punitive damages in the amount of $5,000,000.00, plus the costs of this action, attorney's fees and such other relief as the Court deems just and equitable.

## COUNT V

(State Civil Rights - Defendant Town Council of Centreville, Inc.)

46.     Plaintiff re-alleges paragraphs 1 - 45, as if fully set forth herein

McCarthy
&
Costello
L.L.P.
One Town Center
4501 Northview Drive
Suite 410
Bowie, MD 20716
Phone 301-262-7422
Fax 301-262-0552

- 12 -

47      During all times mentioned herein, the Defendants Town Council of Centreville,
Inc., McGeeney, Greene and Heddinger separately and in concert, engaged in illegal conduct
herein mentioned, to the injury of the Plaintiff and deprived Plaintiff of his then existing and
clearly established rights, privileges, and immunities secured to him by the Declaration of Rights
of the Constitution of the State of Maryland, including but not limited to Articles 2, 9, 24, and 26,
and arising under the law and statutes of the State of Maryland, under circumstances in which no
reasonable person would fail to realize that such activity constituted a violation of his rights.
Such violation set forth herein illustrates the deliberate indifference manifested by systemic and
grossly inadequate instruction, training and lack of adequate supervision, control, discipline, and
policies on the part of Defendant Town Council of Centreville, Inc..

48.      Defendant Town Council of Centreville, Inc., as well as Defendants McGeeney,
Greene and Heddinger, as agents, servants and /or employees of Defendant Town Council of
Centreville, Inc., acting under color of law, have subjected Plaintiff, and other unknown persons
to a pattern of conduct consisting of use of unnecessary and unreasonable force and police
misconduct, in denial or rights, privileges, and immunities guaranteed to the Plaintiff and other
citizens by the Constitution of the State of Maryland.

49.      The foregoing acts, omissions, and systemic deficiencies are policies and customs
of Defendant Town Council of Centreville, Inc., which it improperly permitted and tolerated and
as such have resulted in a pattern and practice of improper conduct, unreasonable searches and
seizures and consist of a large number of individual acts of excessive force, police misconduct,
and use of unnecessary force visited upon Plaintiff and other citizens by members of the
Centerville Police Department, agents and employees of Defendant Town Council of Centreville,

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
DOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 13 -

Inc., acting in concert with persons unknown to Plaintiff and under color of law. These acts of violence, while carried out under color of law, have no justification or excuse in law, and are instead gratuitous, illegal, improper, objectively unreasonable, and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property and ensuring civil order.

50.     Despite the fact that it knew or should have known of the fact that this pattern of conduct was being carried out by its agents and employees, Defendant Town Council of Centreville, Inc. has taken no steps or efforts to order a halt to this course of conduct, to make redress to this Plaintiff or other citizens injured thereby, or to take any disciplinary action against its employees or agents.

51.     The acts alleged herein violated clearly established constitutional rights of Plaintiff and were done under circumstances which are not objectively reasonable and which no reasonable officer would fail to realize that his or her conduct was a violation of Plaintiff's rights.

52.     The acts alleged herein were committed either on the instructions of Defendant Town Council of Centreville, Inc., with knowledge and consent of Defendant Town Council of Centreville, Inc., or were, thereafter ratified and approved by Defendant Town Council of Centreville, Inc..

53.     The foregoing acts, omissions, and systemic deficiencies were negligently and with complete and deliberate indifference to Plaintiff's rights, authorized, permitted, and tolerated, and as such caused Defendant McGeeney to be unaware of or disregard the rules and policies governing permissible use of force, all of which being done with the foreseeable result that this law enforcement officer was more likely to use unreasonable and unnecessary force in such

McCARTHY
&
COSTELLO
L.L.P.
One Town Center
4201 Northview Drive
Suite 410
Bowie, MD 20716
Phone 301-262-7422
Fax 301-262-0562

- 14 -



situations where such force was neither necessary, reasonable, appropriate, nor constitutionally acceptable.

54.    Defendant Town Council of Centreville, Inc., either on its own or through its employee and agent Defendant McGeeney, acted outside the scope of its jurisdiction and without authorization of law, and acted willfully, knowingly, and purposefully with specific intent to deprive Plaintiff of his rights, privileges, and immunities secured to him by the Constitution of the State of Maryland, including but not limited to, the following: freedom from illegal detention or imprisonment; freedom from unreasonable searches and seizures; freedom form physical abuse, coercion, and intimidation; freedom from the use of unreasonable and excessive force; the right to due process; the right to life; the right to liberty; and the right to property. All of these rights are secured to Plaintiff by the provisions of the Declaration of Rights of the Constitution of the State of Maryland.

55.    As a direct and proximate result of the aforesaid acts of the Defendants and of each of them, Plaintiff suffered great past, present and future bodily pain and injury about his head, body and limbs, great past, present and future mental anguish, past, present, and future loss of work, wages and property, and past, present and future medical care and treatment, and pain and suffering.

WHEREFORE, Plaintiff Darrell A. Brittingham, demands judgement against Defendant Town Council of Centreville, Inc. for compensatory damages in the amount of $1,000,000.00 plus the costs of this action, and such other relief as the Court deems just and equitable.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

## COUNT VI

### (Common Law Assault - Defendant McGeeney)

56.    Plaintiff re-alleges paragraphs 1 - 55, as if fully set forth herein

57    Defendant McGeeney threatened to use force and to cause bodily harm to Plaintiff in detaining him.

58.    Defendant McGeeney threatened to use force or to cause bodily harm in detaining Plaintiff, or in the alternative, intended to put Plaintiff in fear of such force or harm.

59.    Defendant McGeeney had the apparent ability to use force or to cause bodily harm in detaining Plaintiff or in the alternative, intended to put Plaintiff in fear of such force.

60.    Plaintiff was placed in fear or imminent harm by Defendant McGeeney.

61.    The acts alleged herein were intentionally performed, without legal justification or excuse, but with an evil or rancourous motive influenced by hate, the purpose being deliberately and willfully injure Plaintiff.

62.    By reason of Defendant McGeeney, Plaintiff has sustained compensatory damages otherwise described herein, including but not limited to, bodily injury, pain and suffering, embarrassment, humiliation, inconvenience, and deprivation of liberty.

63.    Plaintiff has complied with all perquisites to filing suit under the Local Government Tort Claims Act, Md. Cts. & Jud. Proc. Code Ann. Sec 5-403 (b) (1).

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 16 -

03/12/2003 12:01 FAX 2157737725        SUMMIT RISK SERVICES                    ☑018

WHEREFORE, Plaintiff Darrell A. Brittingham demands judgment against Defendant

Joseph E. McGeeney, individually and in his capacity as a police officer for Defendant, Town

Council of Centreville, Inc. for compensatory damages in the amount of $1,000,000.00 and

further demands judgement for punitive damages in the amount of $5,000,000.00, plus the costs

of this action, attorney's fees and such other relief as the Court deems just and equitable.

## COUNT VII

(Common Law Battery - Defendants McGeeney, Greene and Heddinger)

64.     Plaintiff re-alleges paragraphs 1 - 63, as if fully set forth herein

65.     Defendants McGeeney, Greene and Heddinger intended to inflict unlawful

physical contact, pain and/or injury upon Plaintiff.

66.     Defendants McGeeney, Greene and Heddinger did inflict unlawful physical

contact, pain, and/or injury upon Plaintiff.

67.     Plaintiff did not consent to this unlawful and purposeful touching.

68.     Defendants McGeeney, Greene and Heddinger maliciously and intentionally

committed the said tortious acts.

69.     The acts alleged herein were intentionally performed, without legal justification

or excuse, but with evil or rancorous motive influenced by hate, the purpose being to deliberately

and willfully injure Plaintiff.

70.     As a direct and proximate result of the unlawful touching by Defendants

McGeeney, Green and Heddinger, Plaintiff suffered injury and other damages as otherwise

described herein.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 17 -

WHEREFORE, Plaintiff Darrell A. Brittingham demands judgment against Defendant Joseph E. McGeeney, individually and in his capacity as a police officer for Defendant, Town Council of Centreville, Inc.; Defendant Charles Greene, individually while acting as agent and servant of Defendant Town Council of Centreville, Inc.; Defendant John Heddinger, individually while acting as agent and servant of Defendant Town Council of Centreville, Inc., jointly and severally, for compensatory damages in the amount of $1,000,000.00 and further demands judgment against Defendant Joseph E. McGeeney, individually and in his capacity as a police officer for Defendant, Town Council of Centreville, Inc.; Defendant Charles Greene, while acting as agent and servant of Defendant Town Council of Centreville, Inc.; Defendant John Heddinger, individually while acting as agent and servant of Defendant Town Council of Centreville, Inc., jointly and severally, for punitive damages in the amount of $5,000,000.00, plus the costs of this action, attorney's fees and such other relief as the Court deems just and equitable.

## COUNT VIII

(Common Law False Arrest - Defendants McGeeney, Greene and Heddinger)

72.    Plaintiff re-alleges paragraphs 1 - 71, as if fully set forth herein

73.    Defendants McGeeney, Greene and Heddinger had no rational reason to believe that Plaintiff had committed the crimes of common law hindering arrest or driving while intoxicated.

74.    Defendants' McGeeney, Greene and Heddinger warrantless arrest of Plaintiff was without probable cause.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 18 -

75.   As a direct and proximate result of Defendants McGeeney, Greene and Heddinger's conduct and actions, Plaintiff has suffered and will continue to suffer bodily injury, severe mental anguish, medical and other related expense, past, present and future loss of wages, and past, present and future pain and suffering.

WHEREFORE, Plaintiff Darrell A. Brittingham demands judgment against Defendant Joseph E. McGeeney, individually and in his capacity as a police officer for Defendant, Town Council of Centreville, Inc.; Defendant Charles Greene, individually while acting as agent and servant of Defendant Town Council of Centreville, Inc.; and, Defendant John Heddinger, individually while acting as agent and servant of Defendant Town Council of Centreville, Inc., jointly and severally, for compensatory damages in the amount of $1,000,000.00 and further demands judgment against Defendant Joseph E. McGeeney, individually and in his capacity as a police officer for Defendant, Town Council of Centreville, Inc.; Defendant Charles Greene, while acting as agent and servant of Defendant Town Council of Centreville, Inc.; and, Defendant John Heddinger, individually while acting as agent and servant of Defendant Town Council of Centreville, Inc., jointly and severally, for punitive damages in the amount of $5,000,000.00, plus the costs of this action, attorney's fees and such other relief as the Court deems just and equitable.

## COUNT IX

(Common Law False Imprisonment - Defendants McGeeney, Greene and Heddinger)

76.   Plaintiff re-alleges paragraphs 1 - 75, as if fully set forth herein

77.   Defendants McGeeney, Greene and Heddinger restrained Plaintiff by placing handcuffs on him and placing him into a police cruiser and by otherwise preventing him from leaving Brown Street.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 19 -

78.    Defendant McGeeney further restrained Plaintiff by transporting or causing Plaintiff to be transported to the Maryland State Police Centreville Barracks and subsequently transporting or causing Plaintiff to be transported to the Centerville Police Department and the District Court Commissioner all the while preventing him from leaving and returning to his home.

79.    Such actions of Defendants McGeeney, Greene and Heddinger caused Plaintiff to be unlawfully deprived of his freedom.

80.    Plaintiff was detained by Defendants McGeeney, Greene and Heddinger against his will and without his consent.

81.    As a direct and proximate result of Defendants McGeeney, Greene and Heddinger's conduct and actions, Plaintiff has suffered and will continue to suffer bodily injury, severe mental anguish, medical and other related expense, past, present and future loss of wages, and past, present and future pain and suffering.

WHEREFORE, Plaintiff Darrell A. Brittingham demands judgment against Defendant Joseph E. McGeeney, individually and in his capacity as a police officer for Defendant, Town Council of Centreville, Inc.; Defendant Charles Greene, individually while acting as agent and servant of Defendant Town Council of Centreville, Inc.; and, Defendant John Heddinger, individually while acting as agent and servant of Defendant Town Council of Centreville, Inc., jointly and severally, for compensatory damages in the amount of $1,000,000.00 and further demands judgment against Defendant Joseph E. McGeeney, individually and in his capacity as a police officer for Defendant, Town Council of Centreville, Inc.; Defendant Charles Greene, while acting as agent and servant of Defendant Town Council of Centreville, Inc.; and Defendant John Heddinger, individually while acting as agent and servant of Defendant Town Council of

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

03/12/2003 12:01 FAX 2157737725    SUMMIT RISK SERVICES    ☑022



Centreville, Inc., jointly and severally, for punitive damages in the amount of $5,000,000.00, plus the costs of this action, attorney's fees and such other relief as the Court deems just and equitable.

## COUNT X

(Common Law Malicious Prosecution - Defendant McGeeney)

82.   Plaintiff re-alleges paragraphs 1 - 81, as if fully set forth herein

83.   Defendant McGeeney instituted and pursued to its completion criminal proceedings against Plaintiff for common law hindering, common law resisting arrest and driving while intoxicated in the District Court of Maryland for Queen Anne's County.

84.   The proceedings were terminated in favor or Plaintiff as previously described in paragraph 24.

85.   The criminal proceedings instituted by Defendant McGeeney were not supported by probable cause.

86.   Defendant McGeeney instituted the prosecution with malice or a purpose other than bringing Plaintiff to justice.

87.   As a direct and proximate result of Defendant's McGeeney conduct and actions, Plaintiff has suffered and will continue to suffer bodily injury, severe mental anguish, medical and other related expense, past, present and future loss of wages, and past, present and future pain and suffering.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

WHEREFORE, Plaintiff Darrell A. Brittingham demands judgment against Defendant Joseph E. McGeeney, individually and in his capacity as a police officer for Defendant, Town Council of Centreville, Inc. for compensatory damages in the amount of $1,000,000.00 and further demands judgment against Defendant Joseph E. McGeeney, individually and in his capacity as a police officer for Defendant, Town Council of Centreville, Inc. for punitive damages in the amount of $5,000,000.00, plus the costs of this action, attorney's fees and such other relief as the Court deems just and equitable.

## COUNT XI

(Common Law Negligence - Defendants McGeeney, Greene and Heddinger)

88.    Plaintiff re-alleges paragraphs 1- 87, as if fully set forth herein

89.    At all times pertinent, Defendants McGeeney, Greene and Heddinger possessed a duty to exercise reasonable care during the stop, detention and arrest of a person; to apply only that amount of force necessary to effectuate an arrest and no more that is necessary; to avoid using excessive, unreasonable and unnecessary force; and, to use reasonable care to avoid injury to a person arrested.

90.    That Defendants McGeeney, Greene and Heddinger breached the duties described above, by failing to exercise reasonable care during the stop, detention and arrest of Plaintiff; by using force that was more than necessary for the arrest of Plaintiff; by using excessive, unreasonable and unnecessary force during the arrest of Plaintiff; and, by failing to use reasonable care to avoid injury to Plaintiff.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0582

- 22 -



91.    As a result of the negligence of Defendants McGeeney, Greene and Heddinger during the stop, detention and arrest of Plaintiff, Plaintiff sustained a recurrent dislocation of the left shoulder that required surgical reconstruction and a failed fusion at the L5-S1 vertebras that required decompression and fusion of L4 to the sacrum and surgical installation of instrumentation.

92.    That as a direct and proximate result of the actions of Defendants McGeeney, Greene and Heddinger, Plaintiff suffered and will continue to suffer pain, anguish and mental suffering in the past and in the future, and has incurred and will continue to incur substantial expenses for medical treatment and has suffered and will continue to suffer loss of earnings and earning capacity in the past and in the future.

93.    Plaintiff has complied with all prerequisites to filing suit under the Local Government Tort Claims Act, Md. Cts. & Jud. Proc. Code Ann. Section 5-403 (b)(1).

WHEREFORE, Plaintiff Darrell A. Brittingham demands judgment against Defendant Joseph E. McGeeney, individually and in his capacity as a police officer for Defendant, Town Council of Centreville, Inc.; Defendant Charles Greene, individually while on behalf of the Town Council of Centreville, Inc.; and, Defendant John Heddinger, individually while acting on behalf of the Town Council of Centreville, Inc., jointly and severally, for compensatory damages in the amount of $1,000,000, plus the costs of this action, attorney's fees and such other relief as the Court deems just and equitable.

## COUNT XII

(Common Law Respondeat Superior - Town Council of Centreville, Inc.)

94.    Plaintiff re-alleges paragraphs 1 - 93, as if fully set forth herein

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 23 -




95. At all times relevant herein, Defendant Town Council of Centreville, Inc. was the employer of Defendant McGeeney.

96. The negligent acts of Defendand McGeeney were done in the performance of the duties requested by Defendant Town Council of Centreville, Inc. and within the course and scope of the duties set forth by it and in furtherance of its interests.

97. As the employer, Defendant Town Council of Centreville, Inc. is responsible for all of the acts committed by Defendant McGeeney as its employee and within the course and scope of the employer-employee relationship.

98. Plaintiff has complied with all prerequisites to filing suit under the Local Government Tort Claims Act,Md. Cts. & Jud. Proc. Code Ann. Section 5-403 (b)(1).

WHEREFORE, Plaintiff Darrell A. Brittingham, demands judgement against Defendant Town Council of Centreville, Inc. for compensatory damages in the amount of $1,000,000.00 plus the costs of this action, and such other relief as the Court deems just and equitable.


## COUNT XIII

(Common Law Negligent Hiring, Retention and Supervision - Town Council of Centreville, Inc.)

99. Plaintiff re-alleges paragraphs 1 - 98, as if fully set forth herein

100 Defendant Town Council of Centreville, Inc. had a duty to use reasonable care to select, train and supervise its employees to be competent and fit to perform the duties of a police officer.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562



101    Defendant Town Council of Centreville, Inc. had actual knowledge of Defendant McGeeney's history of negligent, reckless and incompetent performance of his duties as a police officer.

102    Defendant Town Council of Centreville, Inc.  failed to train or supervise Defendant McGeeney.

103    A reasonable employer would not have ignored such indications of Defendant McGeeney's unfitness for the duties of a police officer.

104.   Defendant Town Council of Centreville, Inc. knew, or should have known, that Defendant would be likely to injure persons during the course of an arrest.

105    Plaintiff was a person who would  foreseeably be injured by the  negligent, reckless and incompetent performance of his duties by Defendant McGeeeny.  Therefore, Defendant Town Council of Centreville, Inc. owed such a duty to Plaintiff, and such duty was breached.

106.   As a direct and proximate result of Defendant Town Council of Centreville, Incorporated's  negligence in hiring, training and supervising Defendant McGeeney in the position of police officer, Plaintiff was injured as alleged.

107    Plaintiff has complied with all perquisites to filing suit under the Local Government Tort Claims Act, Md.  Cts. & Jud. Proc. Code Ann. Sec 5-403 (b) (1).

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
DOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

03/12/2003 12:02 FAX 2157737725          SUMMIT RISK SERVICES                    ☒027

WHEREFORE, Plaintiff Darrell A. Brittingham, demands judgement against Defendant

Town Council of Centreville, Inc. for compensatory damages in the amount of $1,000,000.00

plus the costs of this action, and such other relief as the Court deems just and equitable.

McCARTHY & COSTELLO, L.L.P.

By: _____

Michael L. Sandul
One Town Center
4201 Northview Drive
Suite 410
Bowie, Maryland 20716-2668
301-262-7422

DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury as to all issues named herein.

By: _____
Michael L. Sandul

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 26 -