IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| DARRELL A. BRITTINGHAM, | : | |
| | : | |
| Plaintiffs, | : | Civil No. RDB - 02 CV 4055 |
| | : | |
| v. | : | |
| | : | |
| JOSEPH E. McGEENEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

In accordance with the reasons set forth in the attached Memorandum Opinion, it is this 25th day of August, 2003, by the United States District Court for the District of Maryland, hereby ORDERED, as follows:

1. The Motion of Defendants, Joseph E. McGeeney ("Officer McGeeney") and Town Council of Centreville, Inc. ("Town Council"), to Dismiss Plaintiff's Amended Complaint BE, and the same hereby IS, GRANTED IN PART AND DENIED IN PART.

   a. Defendants' Motion to Dismiss Plaintiff's common law negligence claim against Officer McGeeney (Count 11) BE, and the same hereby IS, GRANTED.

   b. Defendants' Motion to Dismiss Plaintiff's common law *respondeat superior* claim against Town Council (Count 12) BE, and the same hereby IS, GRANTED.

   c. Defendants' Motion to Dimiss Plaintiff's common law negligent hiring and retention claim against Town Council (Count 13) BE, and the same hereby IS, GRANTED.

   d. That Counts 11, 12, and 13 of Plaintiff's Amended Complaint BE, and they hereby ARE, DISMISSED with prejudice.

    e.    Defendants' Motion to Dismiss Plaintiff's claims in Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 BE, and the same hereby IS, DENIED.

2. That Plaintiff's § 1983 claim against Town Council (Count 3) BE, and it hereby IS, BIFURCATED, and discovery is hereby STAYED as to that claim only. There shall be SEPARATE TRIALS of those issues relating to Plaintiff's § 1983 claim against Town Council and the remaining claims asserted in the Amended Complaint.

    a.    The first trial shall resolve Plaintiff's claims against Officer McGeeney and Plaintiff's state constitutional claim against Town Council in Count 5 and the amount of any damages to which Plaintiff may be entitled. Because Town Council may be liable on a theory of *respondeat superior* for any state constitutional violation committed by Officer McGeeney, Town Council may, but need not participate in the first trial. In any event, Town Council shall be bound by the results of the first trial.

    b.    If, in light of the result of the first trial and existing circumstances, it will be necessary to proceed with Plaintiff's § 1983 claim against Town Council, a second trial will be scheduled. However, prior to this trial, the parties will be permitted a reasonable period of time to engage in discovery as to such claim, and the Court will consider any dispositive motion addressed to such claim.

    c.    In view of the possibility of additional discovery pursuant to paragraph 2.b., the parties shall engage in no discovery which does not relate to Plaintiff's claims against Officer McGeeney. Any party may, for good cause shown as to specific discovery, seek relief from this Order to permit discovery as to Plaintiff's claims against Town Council.

      Similarly, any party may move for a general lifting of this discovery stay for good cause.

3. Defendants BE, and the same hereby ARE, DIRECTED TO ANSWER OR OTHERWISE RESPOND TO THE AMENDED COMPLAINT WITHIN TEN (10) DAYS OF THE ENTRY OF THIS ORDER. Fed. R. Civ. P. 12(a)(4)(A).

/s/
Richard D. Bennett
United States District Judge