IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

#796-69518

| | |
|---|---|
| DARRELL A. BRITTINGHAM : | |
| : | |
| v. : | |
| : | |
| JOSEPH E. McGEENEY, CHARLES GREENE, : | CASE NO.: **AMD 02 CV 4055** |
| JOHN HEDDINGER, and TOWN COUNCIL : | |
| OF CENTREVILLE, INC. : | |
| : | |

**DEFENDANTS JOSEPH E. McGEENEY AND TOWN COUNCIL OF
CENTREVILLE, INC.'S ANSWER WITH AFFIRMATIVE DEFENSE
TO PLAINTIFF'S AMENDED COMPLAINT**

1.  Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, answering defendants lack sufficient knowledge or information to form a belief as to the truth of the factual averments contained in this paragraph, and, therefore, deny same and demand strict proof at Trial.

2.  Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

3.  Denied. Answering defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph, and, therefore, deny same and demand strict proof at trial.

4.  Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

5.  Admitted.

6. This averment refers to a defendant other than answering defendants, and, therefore, no answer is required.

7. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, answering defendants lack sufficient knowledge or information to form a belief as to the truth of the factual averments contained in this paragraph, and, therefore, deny same and demand strict proof at Trial.

8. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, answering defendants lack sufficient knowledge or information to form a belief as to the truth of the factual averments contained in this paragraph, and, therefore, deny same and demand strict proof at Trial.

9. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, answering defendants lack sufficient knowledge or information to form a belief as to the truth of the factual averments contained in this paragraph, and, therefore, deny same and demand strict proof at Trial.

## COUNT I

10-23. Denied. Answering defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in these paragraphs, and, therefore, deny same and demand strict proof at trial.

24. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, answering defendants lack sufficient knowledge or information to form a belief as to the truth of the factual averments contained in this paragraph, and, therefore, deny same and demand strict proof at Trial.

25. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, answering defendants lack sufficient

knowledge or information to form a belief as to the truth of the factual averments contained in this paragraph, and, therefore, deny same and demand strict proof at Trial.

**WHEREFORE,** Answering Defendants, Joseph E. McGeeney and Town Council of Centreville, Inc., demand judgment in their favor on the complaint of plaintiff and an award to defendants of their costs and expenses in the defense of this claim, including attorneys fees, together with such other and further relief as this Court deems just and proper.

## COUNT II

26.   Answering defendants incorporate by reference their answers to all previous allegations in all previous counts as fully as though same were set forth at length.

27-31.   Denied.  The averments contained in these paragraphs state conclusions of law to which no answer is required.  By way of further answer, answering defendants lack sufficient knowledge or information to form a belief as to the truth of the factual averments contained in these paragraphs, and, therefore, deny same and demand strict proof at Trial.

**WHEREFORE,** Answering Defendants, Joseph E. McGeeney and Town Council of Centreville, Inc., demand judgment in their favor on the complaint of plaintiff and an award to defendants of their costs and expenses in the defense of this claim, including attorneys fees, together with such other and further relief as this Court deems just and proper.

## COUNT III

32.   Answering defendants incorporate by reference their answers to all previous allegations in all previous counts as fully as though same were set forth at length.

33-37.   Denied. Furthermore, Count III bifurcated pursuant to Court Order of August 25, 2003, therefore no further response is necessary.

**WHEREFORE,** Answering Defendants, Joseph E. McGeeney and Town Council of Centreville, Inc., demand judgment in their favor on the complaint of plaintiff and an award to

PH060429.1

defendants of their costs and expenses in the defense of this claim, including attorneys fees, together with such other and further relief as this Court deems just and proper.

## COUNT IV

38. Answering defendants incorporate by reference their answers to all previous allegations in all previous counts as fully as though same were set forth at length.

39-45. Denied. The averments contained in these paragraphs state conclusions of law to which no answer is required. By way of further answer, answering defendants lack sufficient knowledge or information to form a belief as to the truth of the factual averments contained in these paragraphs, and, therefore, deny same and demand strict proof at Trial.

**WHEREFORE**, Answering Defendants, Joseph E. McGeeney and Town Council of Centreville, Inc., demand judgment in their favor on the complaint of plaintiff and an award to defendants of their costs and expenses in the defense of this claim, including attorneys fees, together with such other and further relief as this Court deems just and proper.

## COUNT V

46. Answering defendants incorporate by reference their answers to all previous allegations in all previous counts as fully as though same were set forth at length.

47-55. Denied. The averments contained in these paragraphs state conclusions of law to which no answer is required. By way of further answer, answering defendants lack sufficient knowledge or information to form a belief as to the truth of the factual averments contained in these paragraphs, and, therefore, deny same and demand strict proof at Trial.

**WHEREFORE**, Answering Defendants, Joseph E. McGeeney and Town Council of Centreville, Inc., demand judgment in their favor on the complaint of plaintiff and an award to defendants of their costs and expenses in the defense of this claim, including attorneys fees, together with such other and further relief as this Court deems just and proper.

PH060429.1

## COUNT VI

56. Answering defendants incorporate by reference their answers to all previous allegations in all previous counts as fully as though same were set forth at length.

57-63. Denied. The averments contained in these paragraphs state conclusions of law to which no answer is required. By way of further answer, answering defendants lack sufficient knowledge or information to form a belief as to the truth of the factual averments contained in these paragraphs, and, therefore, deny same and demand strict proof at Trial.

**WHEREFORE**, Answering Defendants, Joseph E. McGeeney and Town Council of Centreville, Inc., demand judgment in their favor on the complaint of plaintiff and an award to defendants of their costs and expenses in the defense of this claim, including attorneys fees, together with such other and further relief as this Court deems just and proper.

## COUNT VII

64. Answering defendants incorporate by reference their answers to all previous allegations in all previous counts as fully as though same were set forth at length.

65-70. Denied. The averments contained in these paragraphs state conclusions of law to which no answer is required. By way of further answer, answering defendants lack sufficient knowledge or information to form a belief as to the truth of the factual averments contained in these paragraphs, and, therefore, deny same and demand strict proof at Trial.

**WHEREFORE**, Answering Defendants, Joseph E. McGeeney and Town Council of Centreville, Inc., demand judgment in their favor on the complaint of plaintiff and an award to defendants of their costs and expenses in the defense of this claim, including attorneys fees, together with such other and further relief as this Court deems just and proper.

## COUNT VIII

PH060429.1

72. Answering defendants incorporate by reference their answers to all previous allegations in all previous counts as fully as though same were set forth at length.

73. Denied. Answering defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph, and, therefore, deny same and demand strict proof at trial.

74. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, answering defendants lack sufficient knowledge or information to form a belief as to the truth of the factual averments contained in this paragraph, and, therefore, deny same and demand strict proof at Trial.

75. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, answering defendants lack sufficient knowledge or information to form a belief as to the truth of the factual averments contained in this paragraph, and, therefore, deny same and demand strict proof at Trial.

**WHEREFORE,** Answering Defendants, Joseph E. McGeeney and Town Council of Centreville, Inc., demand judgment in their favor on the complaint of plaintiff and an award to defendants of their costs and expenses in the defense of this claim, including attorneys fees, together with such other and further relief as this Court deems just and proper.

## COUNT IX

76.     Answering defendants incorporate by reference their answers to all previous allegations in all previous counts as fully as though same were set forth at length.

77.     Denied. Answering defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph, and, therefore, deny same and demand strict proof at trial.

78.     Denied. Answering defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph, and, therefore, deny same and demand strict proof at trial.

79-81.  Denied. The averments contained in these paragraphs state conclusions of law to which no answer is required. By way of further answer, answering defendants lack sufficient knowledge or information to form a belief as to the truth of the factual averments contained in these paragraphs, and, therefore, deny same and demand strict proof at Trial.

**WHEREFORE,** Answering Defendants, Joseph E. McGeeney and Town Council of Centreville, Inc., demand judgment in their favor on the complaint of plaintiff and an award to defendants of their costs and expenses in the defense of this claim, including attorneys fees, together with such other and further relief as this Court deems just and proper.

## COUNT X

82.     Answering defendants incorporate by reference their answers to all previous allegations in all previous counts as fully as though same were set forth at length.

83-87.  Denied. The averments contained in these paragraphs state conclusions of law to which no answer is required. By way of further answer, answering defendants lack sufficient knowledge or information to form a belief as to the truth of the factual averments contained in this paragraph, and, therefore, deny same and demand strict proof at Trial.

PH060429.1

**WHEREFORE,** Answering Defendants, Joseph E. McGeeney and Town Council of Centreville, Inc., demand judgment in their favor on the complaint of plaintiff and an award to defendants of their costs and expenses in the defense of this claim, including attorneys fees, together with such other and further relief as this Court deems just and proper.

## COUNT XI

88. Answering defendants incorporate by reference their answers to all previous allegations in all previous counts as fully as though same were set forth at length.

89-93. Denied. The averments contained in these paragraphs state conclusions of law to which no answer is required. By way of further answer, answering defendants lack sufficient knowledge or information to form a belief as to the truth of the factual averments contained in these paragraphs, and, therefore, deny same and demand strict proof at Trial.

**WHEREFORE,** Answering Defendants, Joseph E. McGeeney and Town Council of Centreville, Inc., demand judgment in their favor on the complaint of plaintiff and an award to defendants of their costs and expenses in the defense of this claim, including attorneys fees, together with such other and further relief as this Court deems just and proper. Inc., request this Court enter judgment in their favor and against all other parties.

## COUNT XII

94. Answering defendants incorporate by reference their answers to all previous allegations in all previous counts as fully as though same were set forth at length.

95-98. Denied. Count XII dismissed pursuant to Court Order of August 25, 2003, thus no further response required.

**WHEREFORE,** Answering Defendants, Joseph E. McGeeney and Town Council of Centreville, Inc., demand judgment in their favor on the complaint of plaintiff and an award to

defendants of their costs and expenses in the defense of this claim, including attorneys fees, together with such other and further relief as this Court deems just and proper.

## COUNT XIII

99. Answering defendants incorporate by reference their answers to all previous allegations in all previous counts as fully as though same were set forth at length.

100-107. Denied. Count VIII dismissed pursuant to Court Order of August 25, 2003, thus no further response required.

**WHEREFORE,** Answering Defendants, Joseph E. McGeeney and Town Council of Centreville, Inc., demand judgment in their favor on the complaint of plaintiff and an award to defendants of their costs and expenses in the defense of this claim, including attorneys fees, together with such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to allege any act or omission on the part of answering defendants which constitutes a proximate cause of plaintiff's alleged injuries.

### THIRD AFFIRMATIVE DEFENSE

Answering defendants, at all times relevant hereto, complied with all federal, state and local statutes, regulations and/or ordinances in effect.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to the theory of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The actions, if any, on the part of answering defendants were not the proximate cause of any injuries or damages which may have been sustained by plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to the doctrine of justification.

### SEVENTH AFFIRMATIVE DEFENSE

If the damages of Plaintiffs' are true and proven, which are denied, then such damages were caused by conditions over which Answering Defendants had no control.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or must be reduced pro rata due to Plaintiffs' comparative and/or contributory negligence.

### NINTH AFFIRMATIVE DEFENSE

If the damages are true and proven, which are denied, then such damages were not caused by any conduct of Answering Defendants, which was secondary and passive, but were caused by the primary act or conduct of third parties, over whom the Answering Defendants had no control.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff negligently and/or intentionally exposed himself to a known hazard with fore knowledge of the probable results thereby barring or limiting plaintiff's claim.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to the applicable statute of limitations and/or laches.

### TWELFTH AFFIRMATIVE DEFENSE

80.  Plaintiffs' claims are barred due to answering defendants' governmental and sovereign immunity pursuant to the Local Government Tort Claims Act, Md. Code Ann., CTS & Jud. Proc. § 5-301 et. seq.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to plaintiff's criminal acts.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because their Complaint fails to state a claim under 42 U.S.C. §1983 and/or §1986 for the violation of any rights secured by the United States Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to Answering Defendants' qualified public official immunity.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to Answering Defendants' legislative immunity.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to the State of Maryland Tort Claims Act.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Answering defendants reserve the right to supplement these affirmative defenses as discovery progresses.

MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.

BY: _____
Michael T. Hamilton, Esquire
The Bonaparte Bldg.
8 E. Mulberry Street
Baltimore, MD 21202-2105
(410) 385-8335

**Attorney for:** Defendants,
Joseph E. McGeeney and
Town Council of Centreville, Inc.

PH060429.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

#796-69518

| | |
|---|---|
| DARRELL A. BRITTINGHAM : : v. : : JOSEPH E. McGEENEY, CHARLES GREENE, : JOHN HEDDINGER, and TOWN COUNCIL : OF CENTREVILLE, INC. : : | CASE NO.: **AMD 02 CV 4055** |

## CERTIFICATE OF SERVICE

I, **Michael T. Hamilton, Esquire**, being over the age of Eighteen (18) years, and competent to testify, do hereby certify under the penalties of perjury that I did serve a true and actual copy of Defendants' **Answer to Plaintiff's Amended Complaint with Affirmative Defenses**, by electronic filing to all parties of record on **September 4, 2003**.

        MARKS, O'NEILL, O'BRIEN
          & COURTNEY, P.C.

BY: _____
     **Michael T. Hamilton, Esquire**
     The Bonaparte Bldg.
     8 E. Mulberry Street
     Baltimore, MD 21202-2105
     **(410) 385-8335**

     **Attorney for:** Defendants,
     Joseph E. McGeeney and
     Town Council of Centreville, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

#796-69518

---

| | |
|---|---|
| DARRELL A. BRITTINGHAM : | |
| : | |
| v. : | |
| : | |
| JOSEPH E. McGEENEY, CHARLES GREENE, : | CASE NO.: **AMD 02 CV 4055** |
| JOHN HEDDINGER, and TOWN COUNCIL : | |
| OF CENTREVILLE, INC. : | |
| : | |

---

## VERIFICATION

---

I, **Michael T. Hamilton, Esquire**, hereby state that I am the attorney for Defendants, **Joseph E. Greene and Town Council of Centreville, Inc.**; that I am authorized to make this Verification on their behalf; that I have read the foregoing **Answer to Plaintiff's Amended Complaint with Affirmative Defenses**; and, the averments set forth therein are true and correct to the best of my knowledge, information and belief relating to unsworn falsification to authorities.

        MARKS, O'NEILL, O'BRIEN
               & COURTNEY, P.C.


BY: _____
      **Michael T. Hamilton, Esquire**
      The Bonaparte Bldg.
      8 E. Mulberry Street
      Baltimore, MD 21202-2105
      **(410) 385-8335**

      **Attorney for:** Defendants,
      Joseph E. McGeeney and
      Town Council of Centreville, Inc.

DATE: **September 4, 2003**

PH060429.1