# STANDARD JURY INSTRUCTIONS/HON. JAMES K. BREDAR

### JURY INSTRUCTION A

**MEMBERS OF THE JURY:**

At the outset, I want to thank you for your patience and attention throughout this case, your care in the consideration of the testimonial and documentary evidence, your patience in the matter of recesses and delays when it has been necessary for me to hear counsel out of your presence, and your promptness, making it possible to start each session on time, and to resume sessions after recesses without delay.

As you already know, the functions of the judge and the jury in a case of this sort are quite different. It is my duty as judge to instruct you as to the law which applies to this case. It is your duty to decide the facts and, in deciding these facts, to comply with the rules of law and apply them as I state them to you without regard to what you think the law is or should be. In deciding the facts and issues of fact, you must decide them without prejudice, or bias, or sympathy. Unless otherwise stated, you should consider each instruction given to apply separately and individually to each party in the case.

In my instructions to you on the law of this case, if I state any rule, direction or idea in varying ways, no emphasis is intended by me and none must be inferred by you. You are not to single out any certain sentence or individual point or instruction or ignore the others. Rather you are to consider all of my instructions as a whole, and you are to regard each instruction in the light of all others.

As I advised you in the beginning of the trial, you and only you are the judges of the facts. If any expression of mine or anything I may or may not have done or said would seem to indicate any opinion relating to any factual matters, I instruct you to disregard it. You may consider not only the evidence to which I may refer, and the evidence to which you may have been referred by counsel in their arguments, but you may also consider any testimony or exhibits in the case, whether or not referred to by me or by counsel, which you believe to be material.

### JURY INSTRUCTION B

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

### JURY INSTRUCTION C

When deliberating on the issue as presented in this case, you shall not be moved by sympathy or emotion which may normally come into play in deliberating on a question of this kind, and in this case as in any case, shall put aside all such prejudices, emotions and sympathy which you may have for either plaintiffs or defendant in determining whether or not any of the plaintiffs is entitled to recover, and base your decision solely on the evidence.

### JURY INSTRUCTION D

If, during the course of a trial, I asked questions of witnesses, in order to bring out facts not then fully covered in the testimony, do not assume that I hold any opinion on the matters to which my questions may have related. Remember at all times that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts.

At times throughout the trial, the Court has been called upon to pass on the admissibility of certain offered evidence. You should not be concerned with the Court's rulings or the reason for them. Whether evidence which has been offered is admissible or is not admissible is purely a question of law, and from a ruling on such a question you are not to draw any inference. In admitting evidence, to which an objection has been made, the Court does not determine what weight should be given to such evidence. You must not guess what the answer might have been to any question to which an objection was sustained, and you must not speculate as to the reason the question was asked or the reason for the objections.

**JURY INSTRUCTION E**

There are, generally speaking, two types of evidence from which you may properly find the truth as to the facts of a case. One is direct evidence -- such as the testimony of an eyewitness. At the beginning of this trial, I advised you that evidence consists of what you have observed in the form of testimony and exhibits originating from the witness stand. The other type of evidence is indirect or circumstantial evidence – the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**JURY INSTRUCTION F**

In determining the issues presented, you should consider all the evidence bearing upon the issue, regardless of who produced the evidence. A party is entitled to the same benefit from the evidence that favors him when that evidence is produced by his adversary as when it is produced by himself.

**JURY INSTRUCTION G**

You are to consider only the evidence presented, and you may not guess or speculate as to the existence of any facts in this case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. On the contrary, you are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your own experience. Inferences are deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in the case.

**JURY INSTRUCTION H**

The statements and arguments of counsel are not evidence and should not be considered as evidence unless any such statements were made as a stipulation conceding the existence of a fact or facts. When the attorneys on both sides stipulate or agree as to the existence of a fact, you must accept the stipulation as evidence and regard that fact as conclusively proved. In this case, the parties have stipulated to the following:

(Enter numbered stipulations)

Once again, you must accept these facts as conclusively proved.

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed. Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded. Unless you are otherwise instructed, anything you may have seen or heard
outside the courtroom is not evidence and must be entirely disregarded.

**JURY INSTRUCTION I**

In determining the issues of fact submitted to you, you will consider and weigh the testimony of all of the witnesses who have testified at this trial, as well as all the circumstances surrounding the rendering of that testimony. You will also consider and weigh all of the documents that have been admitted into evidence.

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You should carefully scrutinize the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to indicate whether the witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which,

if at all, each witness is either supported or contradicted by other evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident may see or hear it differently, and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of inconsistencies or discrepancies, you should consider whether they pertain to a matter of importance or an unimportant detail, and whether they result from innocent error or willful falsehood.

After you have considered all of the factors bearing upon the credibility of a witness which I have mentioned to you, you may conclude to reject all of the testimony of a particular witness, none of the testimony of a particular witness, or part of the testimony of a particular witness. In other words, you may give the testimony of any witness such credibility and weight, if any, as you may think it deserves.

### JURY INSTRUCTION J

When using the word "witness," I am, of course, referring as well to the parties in this case.

### JURY INSTRUCTION K

A witness may be discredited or impeached, not only by contradictory evidence, but also by evidence that at other times the witness has made statements which are inconsistent with the present testimony of that witness. You should, therefore, consider in weighing the testimony of any witness, whether the witness has made statements at other times which are inconsistent with the witness' present testimony, and whether such inconsistency, if any you find, results from innocent error or willful falsehood, as well as whether it pertains to a matter of importance or an unimportant detail. Earlier contradictory statements of a witness are admissible to impeach the credibility of such witness and not to establish the truth of such statements.

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of the witness' testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

### JURY INSTRUCTION L

If you believe that any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness, or give it such weight as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

### JURY INSTRUCTION M

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses, which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence, which does produce such belief in your minds. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence appeals to your minds as being most accurate, and otherwise trustworthy.

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

### JURY INSTRUCTION N

The party who asserts a claim or an affirmative defense has the burden of proving it by what we call the

preponderance of the evidence.

To prove by a preponderance of the evidence means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence which, when considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that it is more likely true than not true.

In determining whether a party has met the burden of proof you should consider the quality of all of the evidence regardless of who called the witness or introduced the exhibit and regardless of the number of witnesses which one party or the other may have produced.

If you believe that the evidence is evenly balanced on an issue, then your finding on that issue must be against the party who has the burden of proving it.

### JURY INSTRUCTION O

I made mention in the previous instruction of the term "affirmative defense." In this case, the defendant has asserted one or more defenses which are called "affirmative defenses."

An affirmative defense is one in which the defendant states that even if the basic position of the plaintiff's claim is conceded, plaintiff still is not entitled to prevail for some other reason. In other words, even assuming that the defendant's conduct was what it is alleged to be, there is an excuse or justification for that conduct which will bar the claim.

### JURY INSTRUCTION P

The instructions which I have just given to you are more or less of a general nature applicable to all civil suits before this Court.

I will now give you the specific charges that set forth the law of this case.

(Enter specific charges)

### JURY INSTRUCTION Q

As you are aware, there is more than one plaintiff in this case. The rights of the plaintiffs are separate and distinct. The cases are being tried together for convenience. You should decide each plaintiff's case as if it were a separate action. These instructions apply to each plaintiff unless otherwise indicated.

### JURY INSTRUCTION R

As you also are aware, the defendant in this case is a corporation which is being sued for the actions of an employee. An employer is responsible for injuries or damages caused to others by acts of employees if the acts causing the injuries or damages were within the scope of employment. An employee is acting within the scope of employment when performing services for which the employee has been engaged or when the employee is acting in furtherance of the employer's interests. The employee's conduct may be unauthorized, wrongful or forbidden by the employer, but the employer still will be held responsible if the employee was acting within the scope of his employment.

### JURY INSTRUCTION S

I will now give you some instructions on damages. You should keep in mind that the fact I instruct you on the proper measure of damages in this action must not be considered as an indication of any view of the Court as to which party is entitled to your verdict in this case. My instructions as to the measure of damages are given only for your guidance, in the event you should find in favor of any of the plaintiffs on the question of liability, by a preponderance of evidence and in accord with the other instructions.

The burden is on each plaintiff to prove by a preponderance of the evidence each item of damage claimed to be caused by the defendant. In considering the items of damage, you must keep in mind that your award must adequately and fairly compensate each plaintiff, but an award should not be based on guesswork.

**JURY INSTRUCTION T**

Any compensatory damages awarded are not income within the meaning of federal and state income tax laws and the plaintiffs will not owe or have to pay any income tax on the amount awarded as damages. Therefore you should not add an amount to any award to compensate for anticipated taxes.

**JURY INSTRUCTION U**

During closing arguments the attorneys may have suggested to you a specific dollar amount or range of dollar amounts which they feel would be appropriate in this case. You are instructed that the advice of counsel is not evidence and that you alone must determine the proper amount of damages, if any, based upon the facts you have heard and the Court's charges as to the law.

**JURY INSTRUCTION V**

In this case, it will be your duty to return your verdict in the form of written answers to the written questions which are submitted to you by the Court. Your answers will constitute your verdict. Each answer is to be written in the space provided after each question. Before making each answer, all of you must agree upon it. It is your duty to answer each of these questions in accordance with the evidence in the case. Do not provide any information or answers or amounts on the special verdict form beyond what is specifically asked.

**JURY INSTRUCTION W**

In conclusion, let me remind you that your verdict must be unanimous, reflecting the judgment of each and every one of you. Consider it in the jury room deliberately and carefully, in the light of the instructions which I have given you, and use the same common sense and the same intelligence that you would employ in determining any important matter that you have to decide in the course of your own affairs.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, your first order of business will be to select one of your number to be your foreperson. Your foreperson will preside over your deliberations and be your spokesperson in court.

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the bailiff. Never attempt to communicate with the court except in writing. And bear in mind always that you are not to reveal to the court or to any person how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict.

When you have reached a unanimous agreement as to your verdict, please notify the bailiff and you will return to the courtroom with your verdict. Now, when you return to the courtroom, the clerk will ask you, have you arrived at a verdict and who shall say for you. Your answer will be, "our foreperson." Your foreperson will then rise and give the verdict.