## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

**DARRELL A. BRITTINGHAM**     *
                                                        *
      **Plaintiff**                          *
                                                        *
**vs.**                                             *          **Civil No.: 02 CV 4055 SKG**
                                                        *
**JOSEPH E. McGEENEY, et al**     *
                                                        *
      **Defendants**                       *

_____

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

      The Plaintiff hereby submits this Memorandum in support of his response to Defendants' Motion for Summary Judgment.

### INTRODUCTION

      Defendants, Joseph E. McGeeney and Town Council of Centreville, Inc., have moved for judgment in their favor claiming that there are no material facts in dispute and that based upon those undisputed material facts, they are entitled to judgment as a matter of law. Although they make numerous statements about the state of the evidence and set forth facts they claim are undisputed, an inspection of the records in the case clearly demonstrates that their assertions are incorrect. In fact, the Defendants attempt to turn the rules governing motions for summary judgment upon their heads by using facts that are disputed as if they were undisputed and drawing inferences from those facts in their favor instead of in favor of the non-moving party. For the reasons set forth below the Defendants are not entitled to judgment in their favor as a matter of law.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

## STANDARD APPLICABLE TO MOTIONS FOR SUMMARY JUDGMENT

The Court may enter judgment as a matter of law where it is shown that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. vs. Catrett,* 477 U.S. 317, 106 S.Ct. 2548 (1986). Unless the non-moving party can show genuine issues of material facts, judgment is appropriate. *Id.*

Because this Honorable Court is not the trier of fact for purposes of a Motion for Summary Judgment, it does not decide or weigh the evidence or find the facts. *Anderson vs. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505 (1986). Evidence on behalf of the non-moving party must be accepted as true, all evidence construed in a light most favorable to it, and all reasonable inferences must be drawn in its favor. *Id.* If there is more than one reasonable inference that can be drawn, that becomes an issue of material fact which must be decided by the trier of fact.

## FACTS

On December 18, 1999, the Plaintiff took his uncle, Nat Ervin, to Dover Downs, Delaware. They arrived at approximately 9:00 p.m. and left between 12:00 and 12:30 a.m. (Exhibit A - Deposition of Plaintiff, Page 65 Lines 7-8; Page 66, Line 21- Page 67, Line 1).[1]

_____

[1]The Plaintiff will use the same Exhibit designations as did the Defendants in their Motion for Summary Judgment and attach only additional pages that were not attached to the Defendants' Motion.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

While there, the Plaintiff consumed one to two beers (*Id.*, Page 66, Line 1; Lines 18-20). On his way home, the Plaintiff dropped his uncle at his home in Wye Mills at between 1:30 a.m. and 1:45 a.m. (*Id.*, Page 69, Lines 19-21).

All parties agree that the incident which is the subject of the present complaint occurred at approximately 2:30 a.m. on December 19, 1999. (Exhibit A, Page 73, Lines 19-21; Exhibit B, Deposition of Defendant McGeeney, Page 40, Lines 1-4; Page 47, Lines 2-7).

As the Plaintiff approached Centreville, he turned right onto Little Kidwell Avenue (*Id.*, Page 71, Lines 4-5). As he was proceeding on Little Kidwell Avenue, he saw a congregation of between 25 and 30 African Americans and then heard a loud pop on the right front portion of his car that he assumed was a beer bottle hitting his car (*Id.*, Page 79, Lines 5-19, Page 72, Lines 3-8). He sped up to approximately 35 miles per hour but slowed to 25 to 30 miles per hour when he rounded the corner onto Brown Street (*Id.*, Page 85, Lines 2-17).[2] There was no stop sign at Brown. (Exhibit B - , Page 55, Lines

_____

[2] The Defendants claim through various portions of both the Motion for Summary Judgment and their Memorandum that the Plaintiff rounded the corner onto Brown Street at 35 miles per hour (See, Defendants' Motion for Summary Judgment, Paragraph 7 and Memorandum, Page 2 - "Plaintiff rounded the corner on to Brown Street at approximately 35 mph"; Defendants' Memorandum at Page 3 - "According to both the testimony of Officer McGeeney and the Plaintiff, Plaintiff rounded the corner at a rate of speed 10 to 15 miles per hour faster than the speed limit which was posted at 25 mph". Although not a major point, these statements are emblematic of the Defendants' mis-reading or misinterpretation of the evidence to imply that these matters are not disputed or that the inferences should be drawn in their favor. The actual testimony of the Plaintiff was as follows: "Q. When you rounded the corner onto Brown how fast were you going? A. Maybe 25 or 30. . . . Q. So did you round the corner at 35? A. I slowed down a little bit when I got to the corner." (Exhibit A, Page 85, Lines 6-8; Lines 15-17).

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE: 301-262-7422
FAX  301-262-0562

Lines 9-14). After he turned onto Brown Street, the Plaintiff observed a police car stopped on the right side of Brown Street approximately 25 feet from the corner (Exhibit A, Page 86, Lines 1-7; Page 87, Lines 20-21; Page 88, Lines 5-9). It had on flashing lights. The Plaintiff drove 50 to 100 feet past the police car and stopped. (Exhibit A, Page 88, Lines 19-21). His driving was not erratic other than the speed at which he rounded the corner. (Exhibit B, Page 100, Line 8- Page 101, Line 15). He stopped his car to seek police assistance. (Exhibit A, Page 90, Lines 4-6).

The Plaintiff got out of the car and asked one of the bystanders where the police officer was. (*Id.*, Page 89, Lines 2-4). At that time, he heard a voice say "I'm over here." (*Id.*, Page 91, Lines 12-13). Contrary to the assertions of the Defendants, he never said "Those fucking niggers threw a bottle at my car." (*Id.*, Page 91, Lines 14-17).

He walked over to Defendant McGeeney. He did not fall, stumble or trip as he walked. (Exhibit B, Page 104, Lines 10-17). He saw that McGeeney had an individual on the ground handcuffed. (*Id.*, Page 92, Lines 3-13; Page 95, Lines 19- Page 96, Line 5). The Plaintiff explained to Defendant McGeeney what had happened and asked that somebody be arrested. Defendant McGeeney did not seem to listen to him and told him to stand to the side (*Id.*, Page 91, Line 18 - Page 92, Line 2; Page 94, Lines 6-14). The Plaintiff did as he was told and stood to the side. (*Id.*, Page 95, Lines 14-18).

The Plaintiff went over to the curb, approximately 10 to 15 feet away from Defendant McGeeney (*Id.*, Page 97, Lines 7-19). He observed the arrival of Queen Anne's Deputy Sheriffs and saw them walk towards Defendant McGeeney's car (*Id.*, Page 99,

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

Lines 9-11; Page 101, Lines 15-21). After waiting 15 or 20 minutes, the Plaintiff decided that he was not going to get any help and that he would go home. (*Id.,* Page 98, Lines 1-4; Lines 16-19).

As he started to walk away, he was grabbed by Defendant McGeeney[3] by his right arm and thrown face first to the ground, without warning, reason or being told that he was under arrest. (*Id.,* Page 98, Lines 16-19; Page 110, Line 12- Page 111, Line 1; Page 102, Lines 9-15; Page 104, Lines 4-10; Page 115, Lines 5-21). Defendant McGeeney jumped on the Plaintiff and the Plaintiff told him that he had back and shoulder problems. Defendant McGeeney dug his knee into the Plaintiff's back and the Plaintiff heard a pop and then experienced a lot of pain. (Exhibit A, Page 111, Line 15- Page 112, Line 14). The Plaintiff was lying face first on the ground and yelling about why he was being arrested. His hands were under his body but he was not kicking.[4] (Exhibit A, Page 105, Lines 16-20; Page 107,

_____

[3]The Plaintiff did not see who grabbed him but concluded that it was Defendant McGeeney when, after being on the ground, he observed McGeeney on his back (Exhibit A, Page 99, Lines 1-5). Both Defendant McGeeney and Deputy Heddinger, who was on the scene, agree that it was McGeeney who grabbed the Plaintiff and threw him to the ground although they disagree about the exact circumstances under which the Plaintiff was grabbed (Exhibit B, Page 114, Lines 10-12; Line 20- Page 115, Lines 3-13; Exhibit C - Deposition of Deputy Heddinger, Page 31, Lines 13-15; Page 32, Lines 7-12).

[4]Here again, the Defendants set forth the facts as being undisputed when in fact the Defendants' own evidence contradicts their assertions (See, e.g., Defendants' Motion for Summary Judgment, Paragraph 24, Defendants' Memorandum of Law, Page 4 "Plaintiff remained on the ground for approximately a 2 to 3 minute time period, during that time continued to resist arrest by screaming, thrashing and kicking." Neither Plaintiff nor Defendant McGeeney states that the Plaintiff was kicking at that point in time.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

Line 18- Page 108, Line 3; Exhibit B, Page 122, Line 1, Page 123, Line 1).  He was lifted from the ground by Defendant McGeeney and taken to a police car. (Exhibit A, Page 113, Lines 1-2). At that time, Plaintiff's head was slammed against the window when he was thrown into the car. (*Id.,* Page 114, Lines 4-7).

The Plaintiff admits that after being placed into the police car, he began flailing around because of his pain and because he was given no reason why he had been arrested. (*Id.,* Page 115, Lines 8-14, Page 116, Lines 8-10, Page 133, Lines 7-9).

Other facts will, as necessary, be mentioned below.

## LEGAL ARGUMENT

### A.     Excessive Force

Defendants boldly assert that "[a]pplying the objective reasonableness test to Officer McGeeney's actions, it is without question that he was acting reasonably given the Plaintiff's ridiculously pugnacious actions and attitude" (Defendants' Motion for Summary Judgment at Paragraph 34, Defendants' Memorandum at Page 7) and thereafter attempt to set forth as undisputed facts and inferences, disputed facts and inferences.

Defendants allege that Defendant McGeeney was in the course of detaining two individuals when the Plaintiff approached, that there was a "crowd" of people gathered between 20 to 25 feet from Defendant McGeeney at the time he was effectuating the arrest, and that the Plaintiff chose to stand in extremely close proximity to Officer McGeeney on his weapon side, and continuously bothered him during the course of this extremely volatile and dangerous situation.  (Defendants' Memorandum, Pages 7-8).

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE  301-262-7422
FAX  301-262-0562

- 6 -

Based upon evidence adduced through discovery, the Plaintiff has admitted that Defendant McGeeney had already detained two individuals, although at the time of the incident he was only aware of the one next to Defendant McGeeney. (Exhibit A, Page 96, Lines 6-8; Page 103, Lines 8-12). There was no "crowd", but rather five to seven other individuals in the area. (Exhibit D - Traffic Court Transcript, Page 11, Line 23- Page 12, Line 3; Exhibit B, Page 62, Lines 5-11). Despite repeated attempts to characterize the situation as "volatile" (a decision properly left to the judgment of a jury)[5], Defendant McGeeney's own testimony indicates that he had the situation well in hand before the Plaintiff ever arrived on the scene. According to Defendant McGeeney when he arrived on Brown Street he saw one individual with a machete on the left-hand side of the street and another with a large walking stick on the right-hand side of the street. (Exhibit B, Page 56, Line 18- Page 57, Line 2). The individual with the walking stick was known as "Reds" (*Id.*, Page 57, Line 21- Page 58, Line 1) and the other was a man named Hawkins. (*Id.*, Page 59, Lines 6-10). As soon as Defendant McGeeney arrived at the scene, Hawkins put the machete in the trunk of his car (*Id.*, Page 60, Lines 8-15). According to McGeeney, Hawkins was a threat initially but not after he put the machete in the trunk (*Id.*, Page 69, Lines 4-8; Page 70, Lines 15-18). Hawkins was placed under arrest and handcuffed on the southwest corner curb of Brown Street and Hillside Road.

_____

[5]Defendants' Motion for Summary Judgment at Paragraphs 7-8, Defendants' Memorandum at Page 2, "Plaintiff rounded the corner on to Brown Street . . . [a]t that same time, Officer McGeeney was attending to an extremely volatile situation involving two African Americans who were just about to engage in a violent fight which would potentially cause grievous bodily injury".

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

(*Id.,* Page 73, Lines 14-16, Page 74, Lines 4-17). Defendant McGeeney then proceeded across Brown Street to Reds, where he placed him on the ground and had his hand upon him. (*Id.*, Page 75, Line 16-Page 76, Line 2). Defendant McGeeney was familiar with Reds and did not consider Reds a dangerous individual (*Id.*, Page 67, Lines 20-21; Page 68, Lines 15-16). It was only after all this was accomplished that the Plaintiff arrived on the scene. (*Id.,* Page 79, Lines 7-9). No one else in the area was yelling or causing a problem (*Id.*, Page 76, Lines 9-14). Thus, by the Defendant's own admission, the situation was relatively calm.

Defendants go on to allege that despite this volatile situation "Plaintiff chose to stand in extremely close proximity to Officer McGeeney on his weapon side, and continuously bothered him during the course of this extremely volatile and dangerous situation". As mentioned previously, the Plaintiff testified that he approached Defendant McGeeney, that Defendant McGeeney did not seem interested in assisting him, and told him to stand to the side which he did. He did not, at any time, continuously approach Defendant McGeeney nor bother him.

Defendants then attempt to justify the excessive use of force by claiming that the trial Judge in the District Court for Queen Anne's County, Maryland agreed with their position because he found the Plaintiff guilty of disorderly conduct. However, a review of the transcript in that case will show that the Plaintiff, Defendant therein, through counsel's opening statement, admitted that he got loud and screamed <u>after</u> he was injured and that might "amount to the disorderly conduct". (Exhibit D, Page 9, Lines 4-7). Indeed, it is not clear from Judge Parks' decision when he found that the disorderly

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

conduct occurred but a reasonable inference is that he agreed with the Defendants' attorney's initial statement that the disorderly conduct occurred <u>after</u> the arrest and injury had taken place. (See, e.g., Exhibit D, Page 68, Lines 18-25).

Defendants further claim that the Plaintiff does not dispute that he resisted arrest. (Defendants' Memorandum, Page 8). To the contrary, he vehemently denies it. As mentioned previously, he was never advised that he was under arrest but rather thrown to the ground and jumped upon for no apparent reason. He merely tried to advise him of his previous shoulder and back problems, was trying to protect himself from injury, and inquired of why he was being treated in that manner.

Plaintiff contends then and contends now that Officer McGeeney's actions were unlawful. Even if it were to be determined by this Honorable Court that he was "resisting arrest", a determination not made by the State Court, if the arrest was unlawful, the Plaintiff had the right to resist it. *Barnhard vs. State,* 86 Md. App. 518, 587 A.2d 561 (1991); *State vs. Wiegmann,* 350 Md. 585, 714 A.2d 841 (1998).

The standard to be applied in excessive force claims were set out in *Graham vs. Connor,* 490 U.S. 386, 109 S.Ct. 1865 (1989) where the Court stated: "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." 490 U.S. at 396, 108 S.Ct. at 1872. Factors to consider include the severity of the crime at issue, whether there was a threat to the safety of the officers or others, and whether the person was actually resisting arrest. *Id.,* 490 U.S. at 396, 108 S.Ct. at 1872.

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

Under the facts that must be accepted as true for purposes of this motion, no crime had been committed by the Plaintiff, the situation was calm and Plaintiff merely sought Defendant McGeeney's assistance and obeyed McGeeney's instructions to wait off to the side. There was no threat to the officers or the public. In short, there was nothing that would have justified Defendant McGeeney's actions.

The Defendants made similar arguments in their Motion to Dismiss to those now being made, including in their argument, their claim that Plaintiff's conviction for disorderly conduct and proceeding at a speed greater than reasonable showed that Defendant McGeeney's actions were objectively reasonable. This Honorable Court rejected that position and stated, "this argument fails, because Brittingham has alleged facts that, when accepted as true, set forth a cognizable Fourth Amendment claim." (Memorandum Opinion at Page 5). The Court then went on to set forth the various facts alleged in the Complaint, which are the facts the Plaintiff has testified to and which, in this motion, must be accepted as true. As such, the Defendants' claims that the actions of Defendant McGeeney were objectively reasonable as a matter of law must fail.

**B.    Unlawful Arrest**

Probable cause is to be interpreted based upon the facts as known to the arresting officer at the time of the arrest.  *United States vs. Garcia*, 848 F.2d 58 (4th Cir. 1988). In an effort to overcome the facts and inferences in favor of the Plaintiff, Defendants' attempt to bootstrap and prove that the arrest was lawful by claiming that probable cause existed because of the  conviction  for disorderly  conduct and for speed

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX  301-262-0562

greater than reasonable.  An examination of the facts and inferences in the light most favorable to the Plaintiff , Defendant McGeeney did not have probable cause to arrest the Plaintiff.

With regard to the latter charge, Defendant McGeeney lacked authority to arrest for such a traffic violation.  Annotated Code of Maryland, Transportation Article, Section 26-202. At most, he had authority to issue a citation for that offense (*Id.,* Section 26-201).

With regard to the disorderly conduct, as stated above, Plaintiff has not disputed that he was disorderly <u>after</u> he had been illegally arrested, thrown to the ground, and had his back severely injured. Whether he was disorderly before the arrest, thus providing probable cause to arrest, depends upon the facts. The Plaintiff has denied that he yelled racial epithets or was in any other manner disorderly before being injured. A jury is free to believe Plaintiff and find that he was not disorderly.

Resort to the fact that Plaintiff was convicted on two charges does not prove that probable cause existed. As stated above, the State Court's finding is subject to several interpretations one of which is that the Plaintiff was disorderly after being injured.

Defendants next seek to justify the arrest by contending that Defendant McGeeney had, as a matter of law, probable cause to believe that Plaintiff was under the influence of alcohol. The facts, in a light most favorable to the Plaintiff, are that he had one to two beers in a three hour period that ended two hours before the confrontation with Defendant McGeeney and it would be extremely doubtful that Defendant McGeeney could have smelled alcohol on his breath. Further, he came around the corner at a speed slightly above the speed limit but there was no evidence of skidding tires, erratic driving such as weaving, and the car was brought to a stop without difficulty. As Defendant McGeeney conceded, had the Plaintiff not stopped of his own volition, the Plaintiff would not have been stopped.

The fact that the Plaintiff "wobbles" slightly (Exhibit B, Page 90, Lines 11-12) as he

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE  301-262-7422
FAX  301-262-0562

walks and does not walk upright does not justify any inference that he was under the influence. The fact that he was able to hear the officer call to him from a distance of 50 to 100 feet away, to locate him, and to walk to him without tripping, falling, or stumbling also support the Plaintiff's contention that he was not under the influence. There was no evidence of slurred speech or any other indicia of intoxication. According to the Plaintiff, he obeyed the instructions of Defendant McGeeney without difficulty. In short, if the facts as testified to by the Plaintiff are believed there was absolutely no reason to even suspect he was under the influence of alcohol.

## MARYLAND LOCAL GOVERNMENT TORTS CLAIMS ACT

The Defendants argue that Defendant McGeeney is entitled to qualified immunity under the Local Government Torts Claims Act for the State-based claims. The Plaintiff strongly disagrees with Defendants' legal contention in this regard. Defendants once again rely upon *Lee vs. Cline*, 149 Md. App. 38, 814 A.2d 86 (Md. App. 2002) for the proposition that Defendant McGeeney is entitled to qualified immunity and cannot be sued absent malice. The problem with reliance upon this case is that it ignores the precedent of the highest Maryland court and is readily distinguishable on its facts from the case presented here.

The Court of Appeals' precedent ignored by the Defendants is found in *Clea vs. City of Baltimore,* 312 Md. 622, 541 A.2d 1303 (1988).  There the plaintiff brought suit against several defendants including a  Baltimore City police officer. The Baltimore police officer was a state employee. *Id*. at 312 Md. 668, 541 A.2d at 1306. The Court rejected the officer's contention that the was entitled to qualified immunity in the absence of malice and stated: " . . .[A]n official who violates an individual's rights under the Maryland Constitution is not entitled to any immunity, and . . . the presence or absence of malice is pertinent only to the question of punitive damages."  It reasoned that:

McCARTHY
&
COSTELLO
L.L.P.
One Town Center
4201 Northview Drive
Suite 410
Bowie, MD 20716
Phone  301-262-7422
Fax  301-262-0562

. . .[T]here are sound reasons to distinguish actions to remedy constitutional violations from ordinary tort suits. The purpose of a negligence or other ordinary tort action is not specifically to protect individuals against government officials or to restrain government officials. The purpose of these actions is to protect one individual against another individual, to give one person a remedy when he is wrongfully injured by another person. Issues of governmental immunity in this context concern whether, and to what extent, as a policy matter, a governmental official is to be treated like an ordinary private party.

* * * * * * * * * * * * *

On the other hand, constitutional provisions like Articles 24 or 26 of the Maryland Declaration of Rights, or Article III, Section 40 of the Maryland Constitution, are specifically designed to protect citizens against certain types of unlawful acts by government officials. To accord immunity to the responsible government officials, and leave an individual remediless when his constitutional rights are violated,

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

would be inconsistent with the purpose of the constitutional provisions. *Id*. at 312 Md. 684-5, 541 A.2d at 1314 (citations omitted).

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

A similar rule is applicable to intentional torts committed by a police officer. The *Clea* Court also noted that "a police officer does not enjoy this immunity if he commits an intentional act <u>or</u> acts with malice." *Id*., 312 Md. at 673, 541 A.2d at 1308 citing *Cox vs. Prince George's County*, 296 Md. 162, 169, 460 A.2d 1038, 1041 (1983) (emphasis added).

It is true that the Court of Special Appeals, a court subordinate to the *Clea* Court, held in *Lee* that a deputy sheriff was entitled to qualified immunity for acts he committed even in violation of state constitutional provisions. The Court recognized that under prior decisions of the Court of Appeals, qualified immunity did not exist for such violations. It reasoned that the prior opinions of the Court of Appeals did not apply. It stated that *Clea's* holding, and that of other of the Court of Appeals' decisions, were no longer valid because the immunity provisions upon which those decisions had been based had changed since *Clea* had been decided. *Lee vs. Cline*, 149 Md. 38, 74-5, 814 A.2d 86, 108 (Md. App. 202). That reasoning is unpersuasive because even after the change in law, the Court of Appeals held that there was no qualified immunity for state public officials who violated the Maryland Declaration of Rights or Constitution and cited its previous opinion in *Clea* with approval. *Okwa vs. Harper,* 360 Md. 161, 201-2, 757 A.2d 118, 140 (1999). Had the Court of Appeals been of the opinion that qualified immunity was now a defense to state constitutional violations, it likely would have said so. It is doubtful that it would have quoted with approval an out-dated holding. If the change in the immunity statute had truly brought about the change in law that *Lee* had claimed, the Court of Appeals could have said so explicitly in any of the decisions cited but distinguished by the *Lee* Court. Indeed, after the *Okwa* opinion, another panel of the Court of Special Appeals upheld the principal of *Clea* and stated that a state police officer had no right to qualified immunity even in the absence of malice. *Tavakoli-Nouri vs. State,* 139 Md. 716, 734-5, 779 A.2d 992, 1003 (Md. App. 2001).

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

Assuming that there is some validity to the Defendants contention that there is now qualified immunity for state constitutional violations by state employees, that does not entitle Defendant McGeeney to seek its protection. The cases upon which the Defendants' contention rests, by their terms, apply only to state personnel. In *Lee,* and each of the cases it attempted to distinguish, the Defendants were state employees. There is nothing in any of the statutory authority or case law which grants such immunity to a local police officer. Although Defendants consistently refer to the protections afforded "state personnel" it is clear the Defendant McGeeney was not a "state" employee. A local police officer may be found liable for a state constitutional violation done without malice and there is no qualified immunity available. *Ashton vs. Brown,* 339 Md. 70, 660 A.2d 447 (1995). Similarly, there is no immunity for intentional torts committed by him. As a local, as opposed to a state law enforcement officer, qualified immunity does not apply to Defendant McGeeney. The presence of malice is only relevant to the issue of punitive damages. *Clea*, *supra*, 312 Md. at 680, 541A.2d at 1312. Annotated Code of Maryland, Courts and Judicial Proceedings Article, Sections 5-302(b)(2) and 5-303(c)(2).

Assuming arguendo that Defendant McGeeney is entitled to qualified immunity for the state law violations, sufficient facts have been pled and from which reasonable inferences can be drawn to support a finding that Defendant McGeeney's actions were motivated by malice.

Generally, summary judgment is not appropriate when issues relating to state of mind are involved because "whether as a matter of fact any particular state of mind exists can seldom be considered to be beyond reasonable dispute because this depends entirely upon the conflicting inferences to be drawn from evidence so likely to be circumstantial or, if direct, self-serving. *Charbonnages de France vs. Smith,* 597 F.2d 406, 414 (4th Cir. 1979).

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

The Plaintiff testified that he approached Defendant McGeeney and observed that he had an individual in custody but asked for his assistance. Defendant McGeeney told him to stand out of the way and Plaintiff complied. Plaintiff waited for 10 to 20 minutes. The Plaintiff then started to walk away and without warning, Defendant McGeeney grabbed the Plaintiff, threw him to the ground, jumped on him, twisted his arms and shoulder despite his pleas for help to stop due to his pre-existing condition. He was injured as a result thereof.

In *Okwa vs. Harper,* _supra_, a case similar in many ways to this one, the plaintiff became involved in an altercation at Baltimore Washington International Airport over a ticket. Defendant police officers arrived at the counter and demanded that he leave. The plaintiff attempted to explain that he had a valid ticket and wanted to board the flight. Without warning, the police officers handcuffed him and dragged him away from the ticket counter. After exiting the terminal, the plaintiff was forced to the ground and later struck in the head. Based upon the plaintiff's version of the events the Court of Appeals of Maryland held that the jury:

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE  301-262-7422
FAX  301-262-0562

. . . could infer reasonably that [the officers] were motivated  by an improper motive or that they had an affirmative intent to bring harm to [him] . . . it would not be unreasonable for a fact finder to infer that [the officers] were motivated by an extreme and over zealous desire to punish [him] for failing to obey immediately their instructions to walk away from the ticket counter and exit the terminal. The alleged fact, if believed, that peace officers beat a citizen about his head and neck while they twisted his thumbs, could support an inference that [the officers] were inspired by malicious intention. Such behavior fits the type of conduct which would strip the actor's immunity otherwise provided under the MTCA. *Id.* 36 Md. at 182, 757 A.2d at 129.

As this Honorable Court has previously determined in this case, the facts set forth above, if accepted as true by a finder-of-fact, could support a finding that Defendant McGeeney acted with malice.

**WHEREFORE,** for all of the foregoing reasons, the Plaintiff respectfully requests this Honorable Court deny the Defendants' Motion for Summary Judgment.

McCARTHY & COSTELLO, L.L.P.

By: _____
MICHAEL L. SANDUL
One Town Center
4201 Northview Drive, Suite 410
Bowie, Maryland 20716
(301) 262-7422
Attorney for Plaintiff

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX  301-262-0562

- 18 -

## POINTS AND AUTHORITIES

1. Annotated Code of Maryland, Courts and Judicial Proceedings Article, Section 5-302(b)(2)

2. Annotated Code of Maryland, Courts and Judicial Proceedings Article, Section 5-303(c)(2)

3. Annotated Code of Maryland, Transportation Article, Section 26-201

4. Annotated Code of Maryland, Transportation Article, Section 26-202

5. Anderson vs. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505 (1986)

6. Ashton vs. Brown, 339 Md. 70, 660 A.2d 447 (1995)

7. Barnhard vs. State, 86 Md. App. 518, 587 A.2d 561 (1991)

8. Celotex Corp. vs. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986)

9. Charbonnages de France vs. Smith, 597 F.2d 406, 414 (4th Cir. 1979)

10. Clea  vs. City of Baltimore, 312 Md. 622, 541 A.2d 1303 (1988)

11.  Graham vs. Connor, 490 U.S. 386, 109 S.Ct. 1865 (1989)

12. Lee vs. Cline, 149 Md. App. 38, 814 A.2d 86 (Md. App. 2002)

13. Okwa vs. Harper, 360 Md.  161, 201-2, 757 A.2d 118, 140 (1999)

14. State vs. Wiegmann, 350 Md. 585, 714 A.2d 841 (1998)

15. Tavakoli-Nouri vs. State, 139 Md. 716, 734-5, 779 A.2d 992, 1003 (Md. App. 2001)

16. United States vs. Garcia, 848 F.2d 58 (4th Cir. 1988)

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE: 301-262-7422
FAX  301-262-0562

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 14TH day of May, 2004, a copy of the foregoing Memorandum of Law in support of Plaintiff's Response to Defendants' Motion for Summary Judgment was mailed, postage prepaid to:

> **MICHAEL T. HAMILTON, Esquire**
> Marks, O'Neill, O'Brien & Courtney
> The Bonaparte Building
> 8 East Mulberry Street
> Baltimore, Maryland 21202
> Attorney for Defendants McGeeney & Town of Centreville

_____
MICHAEL L. SANDUL

McCARTHY
&
COSTELLO
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562