IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

#796-69518

| | |
|---|---|
| **DARRELL A. BRITTINGHAM** | : |
| | : |
| v. | : |
| | : |
| **JOSEPH E. McGEENEY, et al.** | :     CASE NO.: AMD 02 CV 4055 |
| | : |
| | : |

**DEFENDANTS JOSEPH E. McGEENEY AND TOWN COUNCIL OF
CENTREVILLE, INC.'S REBUTTAL TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Defendants, Joseph E. McGeeney and the Town Council of Centreville, Inc., by and through their attorneys, Michael Hamilton, Esquire and Marks, O'Neill, O'Brien & Courtney, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 105, hereby replies to the Plaintiff's Response to Defendants' Motion for Summary Judgement, and states:

1. That there are no genuine issues as to material facts.

2. That the Defendants are entitled to a judgment in their favor as a matter of law as more fully set forth in the attached Memorandum of Law in support of the Defendant's Motion for Summary Judgment.

**WHEREFORE,** for the foregoing reasons, the Defendants respectfully request that this Honorable Court grant the Defendants' Motion for Summary Judgment.

                                                 **MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**

                                                 BY: /s/ **Michael T. Hamilton**
                                                       **Michael T. Hamilton, Esquire**
                                                       The Bonaparte Bldg.
                                                       8 E. Mulberry Street
                                                       Baltimore, MD 21202-2105
                                                       (410) 385-8335

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

#796-69518

| | |
|---|---|
| **DARRELL A. BRITTINGHAM** : | |
| : | |
| v. : | |
| : | |
| **JOSEPH E. McGEENEY, et al.** : | **CASE NO.: AMD 02 CV 4055** |
| : | |
| : | |

**DEFENDANTS JOSEPH E. McGEENEY AND TOWN COUNCIL OF CENTREVILLE, INC.'S REPLY MEMORANDUM**

**I.    INTRODUCTION**

On December 13, 2002 Plaintiff, Darrell A. Brittingham ("plaintiff") filed a complaint in the United States District Court for the District of Maryland in regards to an alleged incident occurring in the morning of December 19, 1999. The Court considered preliminary objections made by Defendants, and dismissing a number of counts and bifurcating others. Defendants, Joseph E. McGeeney (Officer McGeeney) and Town Council of Centreville, Inc. (Centreville), filed with this Honorable Court a Motion for Summary Judgment on April 30, 2004. The Plaintiff filed his response to the Motion on May 14, 2004 and the Defendants received service of the Motion on May 17, 2004. The Defendants hereby file this reply memorandum to the Plaintiff's response and respectfully move this Court to order an entry of Summary Judgment in their favor, thereby dismissing the remaining counts of Plaintiff's Complaint.

**II.   FACTS**

The Defendant hereby incorporates by reference the facts discussed in an identical section in the Defendants' Memorandum of Law in support of the Defendants' Motion for Summary Judgment as though those facts were set forth in full herein.

PH078359.1

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 states, in pertinent part, a party is entitled to Summary Judgment where "there is no genuine issue as to any material fact." Berry v. Atlantic Coastal Line R. Co., 273 F.2d 572 (4th Cir. 1960). An issue is genuine if the fact-finder could reasonably hold in the non-movant's favor with respect to that issue and a fact is material if it influences the outcome under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

In making its determination, the Court must review the facts in the light most favorable to the non-moving party. Id. at 248. However, the non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. Id. The moving party need only show that the non-moving parties' evidence is insufficient to carry its burden of persuasion at trial to meet the burden of Summary Judgement. Id.

### IV. LEGAL ARGUMENT

**A. Officer McGeeney's Conduct was Objectively Reasonable given the Information Available to Him at the Time of the Incident.**

**1. Legal Standard of Graham vs. Connor.**

According to Supreme Court Precedent, police officers are entitled to a qualified immunity for certain discretionary acts. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A police officer's entitlement to this qualified immunity rests upon the application of a two part test. First, the right allegedly violated must have been "clearly established." Anderson v. Creighton, 483 U.S. 635, 640 (1987). The Supreme Court has determined that a right is clearly established if the right is "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id.

Second, the Court must decide whether or not the officer's conduct was objectively reasonable in light of the information available during the time of the alleged violation. Id. According to the Supreme Court in Graham v. Connor, 490 U.S. 386 (1989), this reasonableness standard must account for "the fact that

police officers are often forced to make split-second judgments in circumstances that are tense, uncertain and rapidly evolving about the amount of force that is necessary in a particular situation." Id. at 396-397. The court further clarified that the proper application of this "Reasonableness Standard " requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. Id. at 396. Tennessee v. Garner, 471 U.S. 1, 8-9 (1985). Furthermore, the court explained that the officer's use of force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id.

It is undisputed that Officer McGeeney was at all times relevant to this lawsuit acting in his official capacity as a police officer for the Centreville Police Department. Indeed, as a police officer, Officer McGeeney is classified as a government official. Thus, Officer McGeeney was acting in his official capacity as a police officer and as a government official at all times during this incident that is the subject matter of this action. Therefore, the above standard applies to his conduct. Therefore, the Plaintiff must present material facts that suggest that Officer McGeeney's conduct was **not** objectively reasonable in light of the information available to him during the incident.

**2. Material and Undisputed Facts that Support a Finding that Officer McGeeney's Actions were Objectively Reasonable.**

The outcome of the Defendants' Motion for Summary Judgement rests on whether certain facts are disputed or admitted and whether those certain disputed or admitted facts are material to this Court's analysis as to whether Officer McGeeney's actions are reasonable during the incident. What is material to the Court's analysis is the facts known to Officer McGeeney at the time of his conduct. The Incident Report, dated December 19, 1999 and signed by Officer McGeeney, contains the facts known to the Defendant at the time of the incident and it is attached to this Memorandum as Exhibit A. This Report is as good of an aide as any to review what facts are material and undisputed, and which are not.

First, Officer McGeeney, on December 19, 1999 "**at approximately 0238 hours...was conducting a criminal investigation on Brown Street [at] Hillside Drive with two subjects in custody**..." See **Exhibit A**.   Both the Plaintiff and the Defendants admit that this incident took place on December 19, 1999 at the approximate time.  The Plaintiff and the Defendants both admit that Officer McGenney was in the course of detaining two individuals when the Plaintiff arrived on the scene and initially approached Officer McGeeney.   Indeed, the Plaintiff has specifically stated, in his own sworn statement taken during his deposition, that Office McGeeney had "somebody detained on the ground."  See **Exhibit B**, Deposition of Plaintiff Darrel A. Brittingham, dated February 26, 2004, pages 92 and 93.

Second, As Officer McGeeney was conducting this criminal investigation with two subjects in custody, **"a vehicle turned off of Little Kidwell Avenue at a very high rate of speed.  As it turned onto Brown Street, the vehicle accelerated rapidly and as it passed my location this vehicle came to an abrupt stop."**  See **Exhibit A**.  It is undisputed that the Plaintiff was driving on Little Kidwell Avenue and turned onto Brown Street on the night of the incident.   According to the Plaintiff, he was driving thirty-five miles an hour on Little Kidwell Avenue and made the turn off of Little Kidwell and onto Brown Street at either twenty-five or thirty miles an hour.   See **Exhibit B**, page 85.  Furthermore, the Plaintiff has admitted that he was found guilty of driving at an excessive speed by the Honorable Floyd L. Parks on March 17, 2000.  See **Exhibit C,** Plaintiff's Response to Defendants' Request for Admissions, dated April 27, 2004, page 3.

Third, Officer McGeeney continues in his Report that **"the vehicle operator exited the vehicle, as he left same [car] running and in the middle of the street."**  See **Exhibit A**.  Plaintiff has admitted, in his own testimony at his deposition, that he exited the vehicle, leaving the driver side door open, the engine running and the vehicle in the middle of the street.   See **Exhibit B,** page 89.   Fourth, Officer McGeeney observed that **"the operator was immediately observed to be very unsteady on his feet and wobbly."** See **Exhibit A**.  Both the Plaintiff and the Defendant have admitted that the Plaintiff walks with a wobble,

and he can appear unsteady when walking. See Plaintiff's Response to Defendant's Motion for Summary Judgment and Memorandum of Law in Support Thereof; see also **Exhibit D,** Transcript of District Court Trial in State vs. Darrel A. Brittingham, dated March 17, 2000, page 49.

Fifth, **"[Plaintiff] walked over to several citizens nearby and began to shout that he knew that was a cop car and where is the cop. [Plaintiff] started yelling about several individuals that were throwing objects at his car. [Plaintiff] continued to shout and found his way to [Officer McGeeney's] location and again began to advise [Officer McGeeney] that several subjects were throwing bottles at his car.** See **Exhibit A**. Plaintiff has admitted in his deposition that when he got out of his car he walked over to a congregation of people telling them that he saw the cop car and asked where's the police officer. See **Exhibit B,** pages 85-96. Plaintiff admits stating that someone threw a bottle at his car to this group of people. See **Exhibit B,** pages 85-96. As the Plaintiff himself claims, this is the same group of people out of which a bottle of beer was thrown at his car moments before. See **Exhibit B,** pages 85-96. This is the same group of people that the Plaintiff states in his deposition he was intimidated by. See **Exhibit B,** pages 85-96. When the Plaintiff found the police officer, Officer McGeeney, he began to inform him that several individuals were throwing bottles at his car. See **Exhibit B,** pages 85-96. Plaintiff denies that he was using any obscenities or racial epithets during these statements to both the group of people or to Officer McGeeney. But, by the Plaintiffs own admission, he was agitated and was acting in that fashion during these encounters. This account of the facts is supported by the Plaintiff's own statements, Officer McGeeney's Incident Report and his own statements under oath, Sergeant Heddinger's statements under oath, and by Deputy Charles Greene's statements under oath.

Sixth, **"[Officer McGeeney] advised [Plaintiff] that [he] was busy and that [he] would get with [the Plaintiff] as soon as possible.** See **Exhibit A**. Plaintiff has testified that Officer McGeeney did in fact say that he "was busy and to stand off to the side." See **Exhibit B,** pages 91-92. Seventh, **[Officer McGeeney] awaited the arrival of Queen Anne County Sheriff's Deputies that were [his] back up. At**

**this time, [Officer McGeeney] had one subject in custody with handcuffs, one subject in custody without handcuffs, several citizens behind me and to the right, and now a subject that was intoxicated. [Officer McGeeney] had to focus on all of these individuals as [he] did not want someone to come up behind [him] with [his] weapon on the side of the intoxicated subject and the other citizens that he was yelling at initially.** See **Exhibit A**. Officer McGeeney has admitted that he was awaiting back up from Queen Anne's County police officers since he did have two individuals arrested and in custody but only one pair of handcuffs. The Plaintiff is not in a position to admit or deny this fact since he arrived after the incident that led to the detention of the two individuals and at the time had no knowledge of the situation other than his own experience with a beer bottle being thrown at his car. Plaintiff has admitted that when arrived on the scene and approached Officer McGeeney, there were two individuals in custody on the curb, although at the time of the incident Plaintiff states that he was only aware of one individual that was handcuffed. See Plaintiff's Response to Defendants' Motion for Summary Judgment and the Memorandum of Law in Support Thereof; see also **Exhibit B,** pages 92.

It's was Officer McGeeney's opinion that the Plaintiff was intoxicated on the night of the incident. Officer McGeeney has stated that he smelled alcohol on the breath of the Plaintiff during their encounter. The Plaintiff denies that he was intoxicated, although he has admitted to consuming at least two beers earlier in the evening at Dover Downs. Therefore, we have finally stumbled upon our first disputed fact. But is this disputed fact material to the Court analysis under Graham vs. Connor? What is material under this standard is whether the officer's conduct was objectively reasonable in light of the information available to him during the time of the alleged violation.

For the purposes of this motion, let's assume that the Plaintiff's claim that he was not intoxicated that night is correct. Plaintiff admitted in his deposition and at his March 17, 2000 trial that it is normal for him to wobble when walking, that he maintains difficulty walking straight and that his eyes are bloodshot as a result of his contact lenses. See **Exhibit D,** page 49. Transcript of District Court Trial in State vs.

Darrel A. Brittingham, dated March 17, 2000, page 49.  Indeed, Plaintiff's admission is confirmed by the observations of Sergeant John F. Heddinger, III in his deposition See **Exhibit E,** Deposition of Sergeant John F. Heddinger, III, dated March 23, 2004, page 34.  Plaintiff has admitted that he was driving thirty-five miles an hour on Little Kidwell Avenue and then made the turn off of Little Kidwell and onto Brown Street at either twenty-five or thirty miles an hour.  See **Exhibit B,** pages 85.  Furthermore, the Plaintiff has admitted that he was found guilty of driving at an excessive speed by the Honorable Floyd L. Parks on March 17, 2000.  See **Exhibit C,** page 3.  Plaintiff has admitted, in his own testimony at his deposition, that he exited the vehicle, leaving the driver side door open, the engine running and the vehicle in the middle of the street.  See **Exhibit B,** pages 89.  All of these admissions lend credence to the fact that Officer McGeeney maintained probable cause to arrest the plaintiff.  Taking in to account the plaintiff's above physical condition, behavior, and the manner in which Officer McGeeney observed plaintiff driving his car, it is objectively reasonable for an officer to believe that the subject was operating his motor vehicle under the influence of alcohol or some other intoxicating substance at the very least.  Therefore, probable cause existed for the arrest of the plaintiff on December 19, 1999.  The Plaintiff has failed to rebut that assumption and in fact has admitted to the underlying facts supporting assumption.  So, even if we take as true Plaintiff's claim that he was not intoxicated, it is still objectively reasonable for Officer McGeeney to believe that the Plaintiff was intoxicated.

Further, it is also objectively reasonable for Officer McGeeney to suspect that Plaintiff was speeding and driving negligently, and further that he was being disorderly and hindering a criminal investigation as a result of the Plaintiff's encounters with Officer McGeeney and the group of people assembled on Brown Street during this incident.  All of these suspicions of Office McGeeney are supported by admitted and undisputed facts, as shown *supra*.  Plaintiff denies that the situation was volatile, despite the testimony to the contrary from Officer McGeeney, Sergeant Heddinger and Deputy Greene and further despite testimony from the Plaintiff himself that he was intimidated by the crowd.  Plaintiff denies that he continually bothered

PH078359.1

Officer McGeeney during the period of time from his initial encounter with him until the time he was arrested.  Plaintiff denies that he was using obscenities or that he uttered a racial slur.  These denials of certain facts are immaterial to this Court's analysis.  Officer McGeeney's actions are already objectively reasonable as supported by facts admitted by both the Plaintiff and the Defendant.

### 3. Officer McGeeney Had Probable Cause to Arrest Plaintiff at this time.

Plaintiff, in his response to the Defendant's Motion for Summary Judgment, contends that Officer McGeeney's actions in arresting Plaintiff were unlawful since, as he contends, there was no probable cause to arrest Plaintiff.  Further, the Plaintiff continues to contend that this Court, when reviewing this motion, must accept as true the contention that no crime was committed by the Plaintiff and thus no probable cause could possibly exist on the part of Officer McGeeney to arrest Plaintiff.   Frankly, this contention baffles the Defendants since the Plaintiff **has been convicted** of Speeding, Negligent Driving and Disorderly Conduct on March 17, 2000 as a result of his actions during this incident.  However, lets assume for the moment that indeed the Plaintiff did not commit any crime on December 19, 1999.  Does this assumption automatically negate any and all probable cause on the part of Officer McGeeney?   Is it still possible for Officer McGeeney to have probable cause to believe that the Plaintiff committed a crime even if we accept as true the contention that Plaintiff did not commit any crime on December 19, 1999?

To establish that a seizure or arrest was unreasonable, plaintiff must demonstrate that his arrest was made without probable cause.  Dunaway v. New York, 442 U.S. 200 (1979).  Probable cause is determined from the totality of the circumstances known to the officer at the time of the arrest.  United States v. Garcia, 848 F.2d 58 (4th Cir. 1988).  For probable cause to have existed there need only be enough evidence to warrant the belief of a reasonable officer that an offense  has been or is being committed.  Wong Sun v. United States, 371 U.S. 471 (1963).  Probable cause requires more than a bare suspicion but requires less evidence necessary to convict.  Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998).

We have reviewed the admitted and undisputed facts before this Court *supra*. Probable cause is determined to exist if, by the totality of the circumstances then known to the arresting officer at the time of the arrest, there is sufficient evidence to support the arresting officer's belief that a crime has been or is being committed. As we have discussed, based on the evidence that is admitted and undisputed, it is objectively reasonable for Officer McGeeney to believe that the Plaintiff had committed a crime. Therefore, even if this Court accepts as true that Plaintiff never in fact committed a crime, it is still reasonable for Officer McGeeney to suspect that he did. As such, it cannot be suggested by the Plaintiff that Officer McGeeney lacked probable cause for his arrest of Plaintiff. Thus, the arrest was lawful and Plaintiff could not lawfully resist it.

### 4. Plaintiff resisted Arrest.

Plaintiff does not dispute the fact that he resisted arrest. Plaintiff attempts to deny that he resisted arrest by stating that he did not resist arrest **before** he was arrested. Quite obviously this is true since Plaintiff was not being arrested before he was arrested. However it is not at all relevant or logical. Plaintiff, by his own admission, stated that he was walking back to his car frustrated that Officer McGeeney was not assisting him, all the while Officer McGeeney was attempting to arrest him. Once Plaintiff was taken to the ground by Officer McGeeney, Plaintiff states specifically he was face down on the ground with his hands underneath his body, and that he tried to keep them there in an effort to prevent the officers from properly handcuffing him. See **Exhibit B,** page 105. Also, a close reading of the testimony of the Plaintiff demonstrates that Officer McGeeney placed his knee into the plaintiff's back only when plaintiff resisted being handcuffed. Id. 104 - 105. Plaintiff also admits to kicking and flailing around in the back seat after being placed in to the police car. See **Exhibit C**.

McGeeney placed his knee in to plaintiff's back only after plaintiff refused to be handcuffed was only done in an effort to get the plaintiff to comply with Officer McGeeney's demand to submit. In light of this, it should only be seen that plaintiff's actions, and not Officer McGeeney's, were unreasonable in this

instance. Therefore, Plaintiff admits that he resisted arrest and further argues that his resisting arrest was justified since he was being unlawfully arrested. However, Officer McGeeney had probable cause to arrest Plaintiff and therefore his arrest of Plaintiff could not possibly be unlawful.

### B. Office McGeeney is immune under the Maryland Local Government Tort Claims Act

The Maryland Local Government Tort Claims Act, State Government Section 12-101, grants state personnel qualified immunity against a plaintiff's state constitutional law claims and plaintiff's intentional tort claims. Further, state personnel are immune from liability in tort in both their personal and official capacities for tortious acts or omissions that are within the scope of the public duties of the State personnel, and are made without malice or gross negligence. See, Courts and Judicial Proceedings, Section 5-522. "State personnel" has been defined as to include "a sheriff or deputy sheriff of a county or Baltimore City." See State Government, Section 12-101(a)(6). Police officers classified as state personnel have a qualified immunity defense against constitutional tort claims which allege violations of the Maryland Declaration of Rights. Lee v. Cline, 149 Md. App. 38, 814 A.2d 86 (2002). Further, the actions of police officers within the scope of their law enforcement function are quintessential discretionary acts. Williams v. Prince George's County, 112 Md. App. 549, 685 A.2d 896 (1996). The MTCA was intended to provide individual state employees some measure of protection against the daunting prospect of being sued for tortious acts or omissions that were undertaken in the line of duty and without actual malice or gross negligence. Lee, 149 Md. App. 38 814 A.2d 86 (2002).

Whether plaintiff has proffered sufficient evidence to raise the inference of malice is a question of law. Lee v. Cline, 149 Md. App. 38, 814 A.2d 86 (2002). To defeat state officials' immunity under the MTCA, the "malice" or "gross negligence" standard requires a showing of actual malice, conduct motivated by ill will, improper motive, or affirmative intent to injure, or showing that the defendant acted with wanton or reckless disregard for the safety of others. Freeland v. Childress, 177 F.Supp.2d 422 (2001).

Moreover, the actual malice required to defeat public official immunity is an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff. McCoy v. Hatmaker, 135 Md. App. 693, 763 A.2d 596 (2000). Further, allegations of mere negligence are not sufficient to overcome qualified immunity, Ford v. Baltimore City Sheriff's Office, 149 Md. App. 107, 814 A.2d 127 (2002), and bare allegations are insufficient. Green v. Brooks, 125 Md. App. 349, 725 A.2d 596(1999).

Plaintiff contends that a Court of Appeals case decided in 1988, Clea vs. City of Baltimore, holds that a state "official who violates an individuals's rights under the Maryland Constitution is not entitled to any immunity, and ....the absence of malice is pertinent only to the question of punitive damages." See *Clea* at 1306. The Defendants do not dispute the Court of Appeals'1988 holding in Clea. However, the Court of Special Appeals of Maryland did question the holding in 2002 in Lee vs. Cline. There, the Court held that police officers classified as state personnel **do have** a qualified immunity defense against state constitutional claims unless such police officers acted with malice or with gross negligence.

Plaintiff next contends that even if the holding in Lee vs. Cline is correct and applicable in this case, it does not protect Officer McGeeney since he is not properly classified as state personnel since he is a local police officer. The Defendants, however, contend that local police officers are covered as state personnel. In Williams vs. Mayor and City Council of Baltimore 128 Md.App. 1, 736 A.2d 1084 (1999), the Court stated that "the Maryland case law establishes unequivocally that police officers in the course of their public duties are public officials within the contemplation of the qualified immunity law." See *Williams* at 1092. Further, the Court in Williams cited Judge McWilliams' opinion in Robinson vs. Board of County Commissioners 262 Md. 342, 336-47, stating that "in Maryland governmental immunity is extended to all non-malicious acts of public officials...when acting in a discretionary ...capacity." See *Williams* at 1092. Judge McWilliams in Robinson went on to say that "It is clear that policemen are 'public officials' and that when they are within the scope of their law enforcement function they are clearly action in a discretionary capacity." See *Williams* at 1092. Further, Williams cites the case that Plaintiff has turned to for support, Clea vs. Mayor and City Council of Baltimore, 312 Md. 662, 672, by stating that the Court of Appeals in

Clea reaffirmed that police officers are public officials. Indeed, the Court in Clea stated that in Maryland, "a limited category of governmental personnel, including police officers, are entitled under certain circumstances to qualified immunity from tort liability for their negligent conduct." See *Williams* at 1092, quoting *Clea* at 672. In Williams, as in Clea, the police officer at issue was a city police officer. Further, since the MTCA has extended the protection of its provisions to County Sheriffs and their deputies, and since the case law has extended the MTCA's protections to city police officers, the Defendant contends that it follows from the case law that local police officers such as Officer McGeeney would be entitled to the protection of the MTCA as well.

Therefore, assuming that this Court holds that Officer McGeeney is properly classified as state personnel under the protection of the MTCA, then the Plaintiff needs to provide evidence that Officer McGeeney has acted with malice towards the Plaintiff. Unfortunately for Plaintiff, he has not provided any evidence to that affect. Officer McGeeney did not know Plaintiff prior to the incident, there is no evidence of any ill will toward Plaintiff by Officer McGeeney. Plaintiff has admitted that, at the time of the arrest, he was unable to walk straight and had blood shot eyes. Plaintiff also admitted to drinking a couple of beers at Dover Downs and stood in close proximity to Officer McGeeney, leaving Officer McGeeney able to smell the beer on his breath. Officer McGeeney also observed plaintiff's reckless driving prior to the incident. Officer McGeeney's conduct was objectively reasonable and he acted with probable cause in arresting Plaintiff.

Upon being arrested, Plaintiff, upon his own admission, began resisting the officer's attempts to place handcuffs on him. According to plaintiff's testimony, Officer McGeeney only began to press his knee in to plaintiff's back when plaintiff refused to submit to the handcuffs. Lastly, plaintiff's injuries were caused solely by plaintiff's inability to control his rage, his flailing about and his resisting arrest. It is clear that all the actions of Officer McGeeney on December 19, 1999 were warranted and reasonable under the circumstances. Officer McGeeney's actions were also legal and justified under the circumstances, since plaintiff, by his own admission, was resisting arrest during the time of his detention. There is no inference of hate here, and as such, defendants are entitled to summary judgment in their favor.

## V. CONCLUSION

For the foregoing reasons, Defendants Joseph E. McGeeney and Town Council of Centreville, Inc., respectfully request this court to grant summary judgment in their favor.

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**

BY: **/s/ Michael T. Hamilton**
**Michael T. Hamilton, Esquire**
The Bonaparte Bldg.
8 E. Mulberry Street
Baltimore, MD 21202-2105
**(410) 385-8335**

**Attorney for:** Defendants,
Joseph E. McGeeney and
Town Council of Centreville, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

#796-69518

|  |  |  |
|---|---|---|
| DARRELL A. BRITTINGHAM | : | |
| v. | : | |
| JOSEPH E. McGEENEY, CHARLES GREENE, JOHN HEDDINGER, and TOWN COUNCIL OF CENTREVILLE, INC. | : | CASE NO.: **AMD 02 CV 4055** |

**CERTIFICATE OF SERVICE**

    I, **Michael T. Hamilton, Esquire**, being over the age of Eighteen (18) years, and competent to testify, do hereby certify under the penalties of perjury that I did serve a true and actual copy of Defendants' **Motion for Summary Judgment**, by electronic filing to all parties of record on **May 28, 2004.**

                              **MARKS, O'NEILL, O'BRIEN**
                                  **& COURTNEY, P.C.**

                            **BY: /s/ Michael T. Hamilton**
                                **Michael T. Hamilton, Esquire**
                                The Bonaparte Bldg.
                                8 E. Mulberry Street
                                Baltimore, MD 21202-2105
                                **(410) 385-8335**

                                **Attorney for:** Defendants,
                                Joseph E. McGeeney and
                                Town Council of Centreville, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

#796-69518

| | | |
|---|---|---|
| DARRELL A. BRITTINGHAM | : | |
| v. | : | |
| JOSEPH E. McGEENEY, CHARLES GREENE, JOHN HEDDINGER, and TOWN COUNCIL OF CENTREVILLE, INC. | : | CASE NO.: **AMD 02 CV 4055** |

## VERIFICATION

I, **Michael T. Hamilton, Esquire**, hereby state that I am the attorney for Defendants, **Joseph E. Greene and Town Council of Centreville, Inc.;** that I am authorized to make this Verification on their behalf; that I have read the foregoing **Motion for Summary Judgment**; and, the averments set forth therein are true and correct to the best of my knowledge, information and belief relating to unsworn falsification to authorities.

          MARKS, O'NEILL, O'BRIEN
              & COURTNEY, P.C.

     **BY:** /s/ Michael T. Hamilton
          **Michael T. Hamilton, Esquire**
          The Bonaparte Bldg.
          8 E. Mulberry Street
          Baltimore, MD 21202-2105
          **(410) 385-8335**

          **Attorney for:** Defendants,
          Joseph E. McGeeney and
          Town Council of Centreville, Inc.

DATE: **May 28, 2004**

PH078359.1